Marcus Sanders was convicted for second degree burglary and third degree escape. He was sentenced to consecutive terms of imprisonment of fifteen years and ten years. Those terms were split, with Sanders being sentenced to imprisonment for consecutive terms of three years and two years.
 I
The trial court properly overruled Sanders' motion in limine which sought to prevent the State from introducing evidence of "the extent of Officer Cater's injuries, his disability status, and his change of employment." When Birmingham police officers attempted the arrest, Sanders resisted and there was a struggle during which Officer Thomas Cater was injured. Officer Cater testified that he fractured his elbow in "tackling" Sanders. This injury required two operations. He had "between forty-five and fifty percent use of the arm," was "a hundred percent disabled," and was leaving the police department by "being retired on disability."
In a prosecution for the second degree burglary charged in the indictment and as defined by Alabama Code 1975, §13A-7-6(a)(2), the prosecution had to prove that the defendant "[c]ause[d] physical injury to any person who [was] not a participant in the crime." "Physical injury" is defined by statute and, therefore, in this case, the prosecution had to prove that Officer Cater suffered "[i]mpairment of physical condition or substantial pain." § 13A-1-2(8). Consequently, the evidence Sanders sought to prevent from being introduced was relevant and material, and went to proving an element of the corpus delicti essential to the State's case. We do not find that the probative value of this particular evidence was substantially outweighed by the danger of unfair prejudice. W. Schroeder, J. Hoffman, R. Thigpen, Alabama Evidence § 4-3 (1987); C. Gamble, McElroy's Alabama Evidence, § 21.01(4) and § 207.01(5) (3rd ed. 1977).
Additionally, we note that the trial court instructed the jury that the evidence of the extent of Officer Cater's injury was admitted to prove one of the elements of burglary and "cautioned" the jury on the purpose of the evidence.
 II
Sanders argues that the evidence does not support his conviction for escape because "[t]he officers' inappropriate use of force upon the Defendant is the only plausable explanation for [his] leaving the scene of the incident." Appellant's brief, p. 21.
The defense of duress is recognized in Alabama. § 13A-3-30. However, "[t]he defense . . . is unavailable if the actor intentionally or recklessly placed himself in a situation in which it was probable that he would be subjected to duress." §13A-3-30(b). Here, there was evidence that the officers used physical force against Sanders only after he resisted capture. Sanders testified that he obeyed the commands of the officers and ran for fear of his life. *Page 811 
"When evidence regarding alleged duress is in dispute, a question of fact is presented for the jury." Trammell v.Disciplinary Board of the Alabama State Bar, 431 So.2d 1168,1171 (Ala. 1983); Ellison v. State, 373 So.2d 1247, 1249
(Ala.Cr.App. 1979). The issue of duress usually presents a jury question. LaBryer v. State, 45 Ala. App. 33, 36, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969). Here, the case was properly submitted to the jury because the evidence of duress was conflicting.
 III
Officer Don McKee's testimony that Sanders "was placed under arrest, but he got away and ran from us from the scene," provides the evidence that Sanders was in "custody" before he escaped, as does Officer Cater's testimony that he "grabbed hold [of Sanders], and pulled him down to the floor." "Custody" involves a "restraint or detention by a public servant pursuant to a lawful arrest." § 13A-10-30(b)(1). "The term ['custody'] is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisoning or of taking manual possession." Black's Law Dictionary 347 (rev. 5th ed. 1979). See also Alexander v. State, 475 So.2d 625
(Ala.Cr.App. 1984), reversed on other grounds, Ex parteAlexander, 475 So.2d 628 (Ala. 1985). An individual is in custody even though he is lawfully physically restrained for the briefest period of time.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.