The majority holds that the evidence in this case was insufficient to prove that the defendant was "in custody," and it reverses the defendant's conviction for escape from custody. In reversing the defendant's conviction, the majority distinguishes Sanders v. State, 512 So.2d 809
(Ala.Crim.App. 1987), where the Court of Criminal Appeals said that "[a]n individual is in custody even though he is lawfully physically restrained for the briefest period of time," and it questions the validity of the holding in Scott v. State, 624 So.2d 230
(Ala.Crim.App. 1993), where the Court of Criminal Appeals, addressing facts that are similar to the facts of this case, held that the evidence was sufficient to prove that the defendant had escaped from custody. I believe that both Sanders
and Scott stand for the proposition urged by the State, that it proved that the petitioner was in custody and that he escaped from custody. Consequently, I cannot agree with the majority's reversal of the defendant's conviction for escape. Sanders, supra; Scott, supra; See also Smitherman v.McCafferty, 622 So.2d 322 (Ala. 1993), where this Court held that when a shopkeeper asked a suspected shoplifter to accompany him to the office, and the suspect consented, the suspect was in custody and that the suspect's subsequent escape from custody would authorize the State to charge the suspect with the crime of escape in the third degree. In Vickers v.State, 547 So.2d 1191 (Ala. 1989), this Court, citing Sanders, held that a motorist who had been stopped for speeding was in "custody" even though he had not signed the ticket agreeing to appear in court. Cf. Alexander v. State, 475 So.2d 625
(Ala.Crim.App. 1984), rev'd on other grounds, 475 So.2d 628
(Ala. 1985) (failure of a work release inmate to return from his place of employment to his place of confinement constituted escape from custody).
Based on the foregoing, I must respectfully disagree with the majority in reversing the escape conviction, but I concur in affirming the conviction for possession of marijuana. *Page 890