McMillan, judge.
The appellant was found guilty of escape in the third degree and was sentenced as a habitual offender to 13 years’ imprisonment. The trial court ordered that sentence be served concurrently with his sentence on another conviction. He argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, at the time of the offense he was not in “custody” within the meaning of the escape statute (§ 13A-10-33(a), Code of Alabama 1975) and, therefore, he was guilty only of the uncharged offense of resisting arrest.
Evidence at trial tended to show that while Officer Debra Howell was on foot patrol in *774 the Cooper Homes housing project, she saw the appellant leaning against a building. Howell testified that she asked if he lived in Cooper Homes and he responded that he did not and that he was waiting for his brother. Howell said she then informed him that a city ordinance required him to leave if he was not visiting someone who lived at Cooper Homes. Howell said that the appellant appeared to be irritated but that he walked away as if he was leaving the project. Several minutes later, Howell again saw the appellant leaning against one of the buildings. She asked him his name and told him to come to her, but he refused and began to act upset. Howell said she then told him that if he did not stop cursing, she would arrest him for disorderly conduct. She radioed for backup and, as she completed the call, the appellant started to walk away. Howell testified that she reached out and gripped him with her left hand while she retrieved her handcuffs with her right hand. She informed the appellant that he was under arrest for criminal trespass, but he jerked away and she fell to the ground. The last thing she remembered was the appellant’s foot coming toward her face. Two witnesses testified that they saw the appellant hit Howell in the face and then saw him kick her several times in the face and groin while she was down. The officers who arrived as backup found Officer Howell unconscious, suffering from a concussion and numerous bruises on her face and body.
A person commits the crime of escape in the third degree if he escapes or attempts to escape from custody, § 13A-10-33(a), Code of Alabama 1975; “custody” is defined, in pertinent part, as a “restraint or detention by a public servant pursuant to a lawful arrest.” § 13A-10-30(b)(1), Code of Alabama 1975. The State contends that the appellant’s motion for a judgment of acquittal was properly denied because, according to Sanders v. State, 512 So.2d 809, 811 (Ala.Cr.App.1987), a person is in custody even when “he is lawfully physically restrained for the briefest period of time.”
However, in Ex parte McReynolds, 662 So.2d 886 (Ala.1994), the Alabama Supreme Court overruled Sanders “[t]o any degree ... [that it] intimates that the arrest need not be completed for the crime of escape to be committed.” The Court stated that the distinction between “escape from custody” and “resisting arrest” is that one cannot escape from custody until one is in custody and that one is not in custody until he has been arrested. Without reaching the issue of when custody begins, the Court “seriously questioned]” the holding of this Court in Scott v. State, 624 So.2d 230 (Ala.Cr.App. 1993), wherein a motorist was found to be in custody upon an officer’s telling him that he was under arrest, grabbing his arm, and forcing him over the trunk of the patrol car. As the officer reached for his handcuffs, the motorist pushed and kicked him and then fled.
Officer Howell testified that she grabbed the appellant with one hand, retrieved her handcuffs with the other, and then told the appellant that he was under arrest. Before she could handcuff him, he jerked away and she fell, and he then kicked her and fled. Based upon the testimony, Officer Howell had not physically restrained the appellant before he fled even to the extent that the subject in Scott was restrained. The appellant was still in the process of being arrested when he fled, and, therefore, he was not in custody within the meaning of § 13A-10-33(a).
The appellant’s conviction for escape in the first degree must be reversed and judgment rendered for the appellant because an essential element of the offense was not proved.
REVERSED AND JUDGMENT RENDERED.
PATTERSON and COBB, JJ., concur.
TAYLOR, P.J., and LONG, J., dissent with opinion by TAYLOR, P.J.