The facts in this case are very similar to the facts in a recent case in which this court, faced with the same legal question, reached a different result. Therefore, based onCrawford v. State, 671 So.2d 773 (Ala.Cr.App. 1995) (Taylor, P.J., and Long, J., dissenting), I must respectfully dissent.
In practical terms, a law enforcement officer has two alternatives when the officer confronts an uncooperative subject who refuses to submit to the officer's orders and then runs. Based on the degree of control or dominion the officer was able to exercise over the subject, the officer can charge the subject with resisting arrest or with escape. It would seem the officer would select the charge based on whether the officer was able *Page 959 
to catch the subject. If the officer outran and subdued the subject, then the charge would be resisting arrest; if not, then the charge would be escape.
This overly simplistic analysis is obviously not a legal analysis, and it is not one that helps this court in firmly establishing a standard that all officers can follow.
The question becomes where is the line drawn between escape and resisting arrest? The majority in this case would draw the line at an arresting officer's announcing to a defendant that the defendant is under arrest and then performing some overt act in an attempt to effectuate that arrest. The majority inCrawford drew it in a different place. The pivotal question revolves around whether the officer had some control over this defendant, and whether the defendant was in "custody." Ex parteMcReynolds, 662 So.2d 886 (Ala. 1994).
From the majority's description of the facts in this case, there is no indication that Detective Foshee ever had control over the appellant. Except for the moment that he touched the appellant's wrist, the balance of his attempt to arrest was simply that — an attempt. He testified as follows:
 "I pulled up beside [the appellant], stepped out of my vehicle, walked over in front of my car to where he was. I placed my hand on his wrist. At that time I told [the appellant], 'We have warrants for your arrest; place your hands up on the car.' "I asked [the appellant] to place his hands up on the car, at which time he kept asking me for what. I kept telling him, 'You are under arrest for probation violation.' I kept reaching for his wrist, and he kept jerking back, and we just kept backing up in the street."
Consequently, I believe that the appellant is correct in arguing that he was not in the detective's "custody" and that his arrest was not complete. See Sanders v. State,512 So.2d 809 (Ala.Cr.App. 1987) (escape charge was affirmed where arresting officer grabbed the appellant and pulled him to the floor).
The majority's holding today means that we have moved away from Crawford and have redrawn the line. This kind of inconsistency can only play havoc with those who are trying to follow our opinions and to correctly enforce the law. In addition, the Alabama Supreme Court has repudiated much of the rationale used by the majority in its reversal of this court's judgment in Ex parte McReynolds, 662 So.2d 886 (Ala. 1994). Consequently, we are bound to follow the holdings of the Alabama Supreme Court.
Therefore, based on McReynolds, I disagree with the majority's holding that our recent decision in Crawford v.State was incorrect and should be overruled. Consequently, I must dissent.