COBB, Judge,
concurring in the result.
Although I agree with the affirmance of the trial court’s judgment in this case, I write specially because I disagree with the majority’s conclusion in its unpublished memorandum that the issue in this case was not preserved. Additionally, I believe a more thorough rendition of the facts surrounding Bryson Walker’s arrest is required.
At approximately 3:00 a.m. on August 14, 2000, police officers observed Walker walking through a housing project known for criminal activity. Not recognizing Walker as a resident of the housing project, Officer Phillip Learn attempted to catch up with Walker as he was walking away, in order to determine what Walker was doing in the area. Officer Learn caught up to Walker and identified himself as a police officer. Walker ran. Officer Learn ran after Walker, and other officers joined the chase. Officer Steven Jones testified that, as Walker ran away, he discarded what Officer Jones thought was a plastic bag of marijuana. Although a search was conducted, the bag was never recovered.
Officer Jones tackled Walker. Another officer handcuffed Walker, who continued to struggle. Officer Jones searched for the bag, but was unable to find it. As officers escorted Walker to a squad car, he continued to fight them. Eventually, an *1060 other officer sprayed Walker with a chemical irritant, which had no effect. Walker continued to fight and was sprayed again. At that point, Walker elbowed Officer Learn, broke away from the officers, and ran. Officers recaptured Walker a short distance away.
The officer who arrested Walker testified that he arrested him for resisting arrest. From this incident, Walker was charged with and convicted of third-degree escape, a violation of § 13A-10-33, Ala. Code 1975.
At trial, defense counsel argued in the motion for a judgment of acquittal that “custody includes any detention pursuant to a lawful arrest or a court order.... [Tjhere was [no] lawful arrest[;] there ha[d] not been a crime committed.” (R. 114.) Defense counsel read from the warrant fact sheet that Officer Learn had attempted to stop a suspicious person; the suspicious person fled and was captured after a brief chase. Defense counsel argued:
“Judge, at no time does it say what crime Mr. Walker had committed at that time. He fled, he chased him, and he placed him under arrest. And at that time, there had not been a crime. The person who arrested Mr. Walker was Mr. Jones, I believe, from the testimony. And, Judge, based on Alabama law, under Tally v. State, I’ll just state for the record, the cause for an arrest to be valid on a misdemeanor offense not witnessed by the arresting officer — the officer must have an arrest warrant in his possession at the time of the arrest or the evidence demonstrated a warrant for the defendant’s arrest was either not even in existence, or if it did exist, that the officers did not have it with them at the time of the arrest — they did not have the authority to arrest the defendant, and his conviction for escape from custody of a police officer had to be reversed.”
(R. 114.) Defense counsel further argued:
“It’s not in his report what crime had been committed. He was under arrest at that time for being suspicious, Judge. And that — Alabama law does not accept that as a reason to hold somebody in arrest. It was an unlawful arrest. They had no reason to have him under arrest. If they had for investigatory purposes or to investigate him or to talk to him, that was different. But this man was under arrest, and at that time, it should not be upheld, and we move the Court for a judgment of acquittal. I don’t believe the State has proved a pri-ma facie case based on that.”
(R. 114-15.)(Emphasis added.)
On appeal, Walker argues that he was not in lawful custody at the time he allegedly escaped. I believe the foregoing objection was certainly sufficient to preserve his claim on appeal. The trial judge was fully apprised of the grounds for the defendant’s objection, and that, we have held, is sufficient to preserve the issue for review. An objection, though inartfully worded, is sufficient.
Section 13A-10-33(a) provides that “[a] person commits the offense of escape in the third degree if he escapes or attempts to escape from custody.”
“One cannot escape from custody until one is in custody. Under the pertinent statute, § 13A-10-30(b)(l), [Ala. Code 1975] one is not in ‘custody’ until he has been arrested, because the term ‘custody’ is defined as a restraint or detention ‘pursuant to a lawful arrest.’ Resisting arrest does not require prior custody, but is an attempt to avoid custody (the very situation we have in this case). Thus, the arrest must be completed for a person to be in custody. The very fact *1061 that the legislature created the two separate and distinct offenses of ‘escape from custody’ and ‘resisting arrest’ requires this differentiation between the two offenses. To any degree that Sanders v. State, 512 So.2d 809 (Ala.Crim. App.1987), intimates that the arrest need not be completed for the crime of escape to be committed, it is overruled.”
Ex parte McReynolds, 662 So.2d 886, 888 (Ala.1994).
The question, then, is whether Walker’s arrest was lawful. The officer who arrested Walker testified that he arrested Walker for resisting arrest. In order for Walker to have been resisting arrest, he must have been preventing or attempting to prevent the officer “from [effecting a lawful arrest of himself or another person.” § 13A-10-41, Ala.Code 1975.
When Walker was running from the officers, Officer Jones saw him throw what appeared to be a bag of marijuana into the bushes. At that point, the pursuit, which had previously been an attempt at a Terry[1] stop, became a pursuit to arrest Walker for possession of marijuana.
Although the bag itself was not found, the underlying arrest was nonetheless lawful. See § 15 — 10—3(a)(4), Ala.Code 1975 (“An officer may arrest a person,without a warrant, on any day and at any time ... [w]hen the officer has reasonable cause to believe that the person arrested has committed a felony, although it may after-wards appear that a felony had not in fact been committed.”).
Thus, when Walker was tackled and handcuffed, he had been arrested for possession of the marijuana the officer believed Walker had thrown into the bushes. Although Walker fought with the officers, they compelled his submission and the arrest was complete. The officers had him in their control when they subdued him and attempted to escort him to their ear. Since Walker was in custody for the possession of marijuana charge, his subsequent flight from the police constituted an escape from custody.
For the reasons above, I concur with the majority’s decision to affirm the judgment of the trial court.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).