The Court of Criminal Appeals held that a person stopped for speeding who runs away from the officer before the ticket is prepared and the violator signs it cannot be guilty of third degree escape. We reverse and remand.
James Calvin Vickers was convicted of escape in the third degree. The Court of Criminal Appeals reversed his conviction. The full facts are fully reported in the opinion belowVickers v. State, 547 So.2d 1189 (Ala.Crim.App. 1988). Briefly, the facts relevant to our decision are as follows: The defendant was stopped for speeding. As he sat in the officer's car, he was given a field test for intoxication. When he failed it, and the officer informed him that he had to go to the station, the defendant opened the car door and ran away. The officer caught him and, after a tussle, subdued him. The officer had not completed his preparation of the speeding ticket when the defendant ran away, and the defendant had not signed the ticket agreeing to appear in court on the speeding charge. Ala. Code 1975, § 32-1-4(a).
The Court of Criminal Appeals held that because the defendant "was under arrest only for speeding when he ran from the car . . . he was not properly in custody," and that he could not be convicted of escape in the third degree.
Ala. Code 1975, § 13A-10-33(a), defines escape in the third degree: "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." Section 13A-10-30(b)(1) defines custody as "A restraint or detention by a public servant pursuant to a lawful arrest. . . ." The court below cited Morton v. State, 452 So.2d 1361, 1364
(Ala.Crim.App. 1984) for the proposition that "the police have no authority to take a motorist into custody and then require him to go to the local [stationhouse] when that motorist had committed a misdemeanor traffic violation but iswilling to sign the summons to court." (Emphasis added.) The Court of Criminal Appeals has apparently reasoned that an arrest for a misdemeanor traffic violation does not involve any kind of custody or detention until the ticket is prepared. We do not agree.
Section 13A-10-30(b)(1) specifically defines "custody" as a restraint or detention pursuant to a lawful arrest. The defendant here admitted that he was speeding and that the arrest for speeding was lawful. Section 32-1-4 provides a method for a person under arrest to be released if he agrees to appear in court to stand trial for the traffic violation. That statute provides:
 "(a) Whenever any person is arrested for a violation of any provisions of this title punishable as a misdemeanor, the arresting officer shall, unless otherwise provided in this section, take the name and address of such person and the license number of his motor vehicle and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice, and such person shall, if he so desire, have a right to an immediate hearing or a hearing within 24 hours at a convenient hour and such hearing to be before a magistrate within the county or city where such offense was committed. Such officer shall thereupon and upon the giving by such person of a sufficient written bond, approved by the arresting officer, to appear at such time and place, forthwith release him from custody.
 "Any person refusing to give such bond to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate.
 "Any person who willfully violates his written bond to appear, given in accordance with this section, shall be guilty of a misdemeanor regardless of the disposition *Page 1193 
of the charge upon which he was originally arrested.
 "(b) The provisions of this section shall not apply to any person arrested and charged with an offense causing or contributing to an accident resulting in injury or death to any person nor to any person charged with driving while under the influence of intoxicating liquor or of narcotic or other drugs nor to any person whom the arresting officer shall have good cause to believe has committed any felony, and the arresting officer shall take such person forthwith before the nearest or most accessible magistrate.
 "(c) Any officer violating any of the provisions of this section shall be guilty of misconduct in office and shall be subject to removal from office. (Acts 1927, No. 347, p. 348; Code 1940, T. 36, § 52; Acts 1949, No. 517, p. 754, § 16.)" (Emphasis added.)
This language was what the Court of Criminal Appeals was interpreting in Morton, and that court was correct in that case in saying that the police have no authority to take a motorist into custody and then require him to go to the local stationhouse when he is willing to sign the ticket indicating his willingness to go to court at the appointed time. However, that ruling does not mean that the police could not take the motorist into custody briefly for the traffic violation for the time necessary to write up the ticket and secure his bond to appear in court to answer the charge. In fact, Morton says:
 "This interpretation is supported by Daniels v. State, 416 So.2d 760, 765 (Ala.Cr.App. 1982), in which this court said, 'Except for the exceptions provided by § 32-1-4(b), a person arrested for a misdemeanor traffic violation is not subject to further detention for that offense once the arresting officer has obtained the necessary information and given the motorist the "summons or notice" to appear.' " (Emphasis added.)
452 So.2d at 1364.
The Court of Criminal Appeals has held in another case that "[a]n individual is in custody even though he is lawfully physically restrained for the briefest period of time."Sanders v. State, 512 So.2d 809, 811 (Ala.Crim.App. 1987). The defendant in this case was in "custody" because he had not signed the ticket agreeing to appear in court, and the officer was not under a duty to release him.
It is obvious that the Legislature, by authorizing an arresting officer to release a traffic violator upon his own recognizance, intended to provide a convenient means for a person who is in custody to obtain his release from custody. It is a common sense method that allows selected offenders to go free, if they sign their own recognizance. Section 32-1-4(b) provides the method for handling the more serious violators.
The violator here was in lawful custody and was not eligible for release from custody because he had not executed a "sufficient written bond, approved by the arresting officer, to appear [in court to answer to the charge]"; therefore, we agree with the State's argument, and we hold that an arresting officer has authority to arrest a violator for a traffic offense and, upon doing so, is under a statutory duty to release the violator only if the violator signs "a bond approved by the arresting officer," agreeing to appear in court; thus, if one runs away before he signs the bond, he can be guilty of escape in the third degree.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur. *Page 1194