The appellant, Gregory Shelton Gibbons, was convicted of escape in the third degree, a violation of § 13A-10-33, Code of Alabama 1975. He was sentenced as a habitual offender to 15 years in the penitentiary.
The state's sole witness, Detective Larry Foshee of the Clanton Police Department, testified that on October 25, 1994, he placed the appellant under arrest for violating the terms of his probation. Detective Foshee was on patrol in Clanton, when he observed the appellant walking down the street. Detective Foshee described the arrest as follows:
 "I pulled up beside [the appellant], stepped out of my vehicle, walked over in front of my car to where he was. I placed my hand on his wrist. At that time I told [the appellant], 'We have warrants for your arrest; place your hands up on the car.' "
When the appellant refused to place his hands on the patrol car, Detective Foshee repeated his request.
 "I asked [the appellant] to place his hands up on the car, at which time he kept asking me for what. I kept telling him, 'you are under arrest for probation violation.' I kept reaching for his wrist, and he kept jerking back, and we just kept backing up in the street."
Finally, Detective Foshee grabbed the appellant's shirt in an attempt to physically subdue the appellant. After a brief struggle, the appellant broke free and escaped. Foshee still held the appellant's shirt, which had been torn off during the struggle.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the evidence showed that the appellant was never in "custody" when he fled. Section 13A-10-33 provides: "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." Custody is defined in §13A-10-30(b)(1) as "[a] restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of the court."
The appellant, relying on Ex parte McReynolds, 662 So.2d 886
(Ala. 1994), asserts that he was not in "custody" because, he argues, Detective Foshee's attempt to arrest him was not completed. After examining the relevant caselaw, we hold that the appellant was "in custody" under these circumstances so as to support the conviction for escape in the third degree.
The United States Supreme Court has held that for purposes of determining whether a person is in "custody," "the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125,103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983). The United States Supreme Court has further held that a person's "arrest" is complete when there is 1) an assertion of the purpose to arrest 2) followed by either physical touching or submission of the arrestee. California v. Hodari D., 499 U.S. 621,111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). "An arrest requires either
physical force . . . or, where that is absent, submission to the assertion of authority." Hodari D., 499 U.S. at 626,111 S.Ct. at 1551. (Emphasis in original.)
 "To constitute an arrest, . . . the mere grasping or application of physical force with lawful authority, whether or not it succeeded in subduing the arrestee, was sufficient. See, e.g., Whitehead v. Keyes, 85 Mass. 495, 501 (1862) ('[A]n officer effects an arrest of a person whom he has authority to arrest, by laying his hand on him for the purpose of arresting him, though he may not succeed in stopping and holding him')."
Hodari D., 499 U.S. at 624, 111 S.Ct. at 1550.
In Ex parte McReynolds, the Alabama Supreme Court held that for purposes of § 13A-10-31, which defines the offense of escape in the first degree, a person is not in "custody" until his arrest is completed. The Court did not address the issue of when *Page 958 
custody actually begins, but ruled that "if a person is not in custody for purposes of receiving Miranda[1] warnings he cannot be in custody for purposes of the escape statute." McReynolds,662 So.2d at 889. Under the holdings announced in Hodari D. andMcReynolds, we hold that the appellant's arrest was complete when Detective Foshee grabbed the appellant's wrist and informed him that he was under arrest. Therefore, the appellant was in custody when he fled.
Despite the appellant's assertion to the contrary, our holding is consistent with McReynolds. In McReynolds, the defendant fled after being detained in a Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) stop. The Court stated that the defendant was not in custody because "a detainee at a Terry stop is not in custody for purposes of being entitled to a Miranda warning." McReynolds,662 So.2d at 889. McReynolds dealt with flight from a Terry
stop, not an attempted arrest. The arrest in McReynolds was attempted after the defendant began to flee, and the police had not restrained the defendant significantly.
The facts in McReynolds are distinguishable from those in the appellant's case for two reasons. First, the appellant was informed of his arrest and was physically detained by the wrist before any struggle or attempt to flee. Second, the defendant in McReynolds was convicted of escape in the first degree. The term "custody" has a broader meaning when applied to the charge of third degree escape. See § 13A-10-33, Commentary. These critical distinctions did not influence the outcome of Crawfordv. State, 671 So.2d 773 (Ala.Cr.App.), (Taylor, P.J., and Long, J., dissenting), writ quashed, 671 So.2d 776 (1995), in which the court reached an opposite conclusion. We reconsider and overrule our holding in Crawford to the extent that it conflicts with the result in this case.
Our decision is also consistent with the decisions and facts in Vickers v. State, 547 So.2d 1191 (Ala. 1989), and Scott v.State, 624 So.2d 230 (Ala.Cr.App. 1993). In each of these cases,[2]
the defendant was informed that he was under arrest and was physically detained, however briefly, before he attempted to escape. As noted above, the defendant in McReynolds was not informed of his arrest before his flight and was never physically detained to any significant degree.
In summary, we hold that for purposes of the Alabama escape statutes an accused is not in custody until his arrest has been completed. McReynolds. An arrest is complete when 1) the accused is informed of the officer's intention to arrest and 2) the accused submits to the arrest or is physically detained by the officer, however briefly, before flight is attempted.
For the foregoing reasons, the appellant was "in custody" at the time of his escape. Therefore, his conviction for escape in the third degree is due to be affirmed.
AFFIRMED.
McMILLAN and LONG, JJ., concur;
COBB, J., dissents with opinion with PATTERSON, J., joining.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
[2] In Vickers, the defendant was physically subdued after a chase and a fight, but subsequently fled again. In Scott, the police officer grabbed the defendant's arm and forced it behind his back.