COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Beales
Argued at Salem, Virginia


ANTOINE LANIER HALL

                                                            OPINION BY
v.       Record No. 2328-08-3              JUDGE JAMES W. HALEY, JR.
                                                         DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                          David A. Melesco, Judge

            DaRong Park (Jason S. Eisner; Office of the Public Defender, on
            brief), for appellant.

            Alice T. Armstrong, Assistant Attorney General II (William C.
            Mims, Attorney General; Joanne V. Frye, Assistant Attorney
            General, on brief), for appellee.


                                    I.  INTRODUCTION

        Code § 18.2-478 reads in relevant part:  "[I]f any person lawfully in the custody of any

police officer . . . escapes from such custody by force or violence, he shall be guilty . . . ."

Convicted of a violation of that statute, Antoine Lanier Hall maintains that he was not in custody

and that the condition of custody is a condition precedent to escape from the same.  Finding a

police officer effected an arrest of Hall by touching him for the purpose of arrest and that persons

under arrest are always in custody, we affirm.

                                    II.  BACKGROUND

        On December 20, 2007, police officers, Andrew Norris and Randy Merrill, of the

Danville Police Department went to a house in Danville to arrest Hall on an outstanding warrant.

Norris went to the front door while Merrill proceeded to the rear of the house in case Hall

attempted to flee.  Norris knocked on the door, and a female answered.  Norris informed her he

sought Hall. When Hall soon appeared, Norris told him of the warrant and asked that he come outside to the porch. Hall complied. Norris testified: "[I then] grabbed him by his left wrist and told him he was under arrest . . . to put his hands behind his back, and [I] started trying to handcuff his left wrist."

Yet before the first handcuff attached to the wrist, Hall began attempting to escape from Norris. According to Norris, Hall "began wiggling, trying to get away from me, struggling with me." Hall's actions caused him and Norris to move into the front yard, where Hall loosed his wrist from Norris' grasp. Norris grabbed Hall's shirt, but it ripped, allowing Hall to flee. Hall successfully escaped at the time, but was recaptured later.

### III. ANALYSIS

On appeal, we "consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below." Walker v. Commonwealth, 272 Va. 511, 513, 636 S.E.2d 476, 477 (2006). Yet we consider *de novo* the legal determination that Hall was in custody under the statute. Davis v. Commonwealth, 45 Va. App. 12, 14, 608 S.E.2d 482, 483 (2005).

Our Supreme Court considered the meaning of "custody" in the escape statutes in White v. Commonwealth, 267 Va. 96, 591 S.E.2d 662 (2004).[1] The Court held "an individual is in 'custody' . . . when a law enforcement officer has lawfully curtailed the individual's freedom of movement to a 'degree associated with a formal arrest,' even when a formal custodial arrest has not been effected." Id. at 104-05, 591 S.E.2d at 667-68 (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983) (*per curiam*)). Determining whether a particular detention satisfies this test

---

[1] Although White involved Code § 18.2-479 (escape from custody without force or violence), not Code § 18.2-478 (escape from custody with force or violence) as applicable here, the meaning of "custody" within the two code sections is the same. Henry v. Commonwealth, 21 Va. App. 141, 145, 462 S.E.2d 578, 580 (1995).

involves application of "an objective standard." Id. at 105, 591 S.E.2d at 668. As the inquiry concerns whether a police officer has detained a person in a manner like formal arrest, the White Court naturally stated that "an individual under arrest is always in custody for purposes of applying" the escape statutes.[2] Id. at 104, 591 S.E.2d at 667. Since Norris grabbed Hall's wrist and told him that he was under arrest before Hall's escape moments later, we consider whether Norris' actions placed Hall under arrest.

Generally, "the common law relating to arrest is the law on that subject in Virginia."[3] Galliher v. Commonwealth, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933). The simple fact that an officer tells a suspect he is "under arrest" does not suffice to effect an arrest. Bristol v. Commonwealth, 272 Va. 568, 573, 636 S.E.2d 460, 462 (2006). "An arrest occurs when an officer physically restrains a suspect or, in the absence of physical restraint, the suspect submits to the officer's assertion of authority and purpose to arrest." Id.

Nonetheless, the slightest touching of an officer to the person of a suspect for the purpose of arrest accomplishes an arrest. This Court previously summarized this law:

> There can be no arrest [under the common law] without either touching or submission. Hence, if the officer pronounces words of arrest without an actual touching and the other immediately runs away, there is no escape (in the technical sense) because there was no arrest. It would be otherwise had the officer touched the

---

[2] Formal arrest represents a highly intrusive experience on a person's liberty. As our Supreme Court has stated: "After an arrest, a citizen's liberty is completely constrained, at a minimum, until a judicial officer has determined the issue of bail. Police and court records permanently record the event of an arrest, which becomes an indelible part of a citizen's history . . . ." Commonwealth v. Hill, 264 Va. 541, 547, 570 S.E.2d 805, 808 (2002). An arrest is "[t]he most intrusive encounter between a law enforcement officer and a citizen." United States v. Tipton, 3 F.3d 1119, 1123 (7th Cir. 1993).

[3] Likewise, the distinction between Code § 18.2-479 (escape from custody without force or violence) and Code § 18.2-478 (escape from custody with force or violence) reflects the common law. As stated by Hale: "And these escapes are of three kinds . . . 3. By the party himself, which is of two kinds, viz. 1. Without any act of force, and this is a simple escape. 2. With an act of force . . . ." 1 Sir Matthew Hale, The History of the Pleas of the Crown 590 (Philadelphia, Robert H. Small 1847).

> arrestee for the purpose of apprehending him, because touching for the manifested purpose of arrest by one having lawful authority completes the apprehension, although he does not succeed in stopping or holding him even for an instant.

Cavell v. Commonwealth, 28 Va. App. 484, 487, 506 S.E.2d 552, 553 (1998) (*en banc*) (citation and internal quotation marks omitted). The United States Supreme Court has also remarked that under the common law, "[t]o constitute an arrest . . . the mere grasping or application of physical force with lawful authority, whether or not it succeeded in subduing the arrestee, was sufficient." California v. Hodari D., 499 U.S. 621, 624 (1991). The Court continued by stating that an arrest "is accomplished by merely touching, however slightly, the body of the accused, by the party making the arrest and for that purpose, although he does not succeed in stopping or holding him even for an instant." Id. at 625 (citation and internal quotation marks omitted). "In such a case there is legal custody of the arrestee for an instant . . . . Hence there would be an escape if such an arrestee ran away after being touched by the officer with appropriate words of arrest and lawful authority for this purpose." Rollin M. Perkins, Perkins on Criminal Law 500 (2d ed. 1969).

A court considered whether a defendant escaped under law and facts significant for this case in Gibbons v. State, 676 So. 2d 956 (Ala. Crim. App. 1995). There a police officer in a patrol car observed the defendant, who had a warrant outstanding for his arrest, walking along the street. Id. at 957. The officer pulled his car near the defendant, exited the vehicle, put his hand on the defendant's wrist, and told him he was under arrest. Id. However, the defendant resisted and was able to temporarily avoid coming under complete physical control of the police. Id. On appeal, the defendant maintained he was not in "custody" within the meaning of the applicable Alabama escape statute. Id. After stating a definition of custody similar to our Supreme Court's holding in White (and citing the same authority), the court held the officer arrested the defendant when the officer placed his hand on the defendant's wrist and stated an

intention to arrest.[4]  Id. at 957-58.  Thus, the defendant was in custody and properly convicted of escape.  Id. at 958.  See also Hunter v. State, 867 So. 2d 361 (Ala. Crim. App. 2003) (affirming an escape conviction on facts similar to Gibbons and this case).

In this case, Norris arrested Hall by grabbing Hall's wrist and informing him he was under arrest.  Under the above cited law, these actions plainly sufficed to constitute an arrest, even if Hall's subsequent actions deprived Norris of control.  And as our Supreme Court held in White, persons arrested are "always in custody for purposes of applying" the escape statutes.[5] 267 Va. at 104, 591 S.E.2d at 667.  Hall was properly convicted of escape.[6]

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

---

[4] Like White, 267 Va. at 105, 591 S.E.2d at 668, the Gibbons court cited Beheler, 463 U.S. at 1125, for the standard that police place a person in custody when they restrain him in a manner akin to formal arrest.  676 So. 2d at 957.  The Gibbons court further cited Hodari D., which we also did in Cavell, 28 Va. App. at 486, 506 S.E.2d at 553.  676 So. 2d at 957.

[5] This opinion does not hold an arrest is necessary for police to have custody.  That notion was expressly rejected in White, 267 Va. at 103 n.3, 591 S.E.2d at 666 n.3.

[6] Although Hall relies heavily on a direct application of White, we find that case distinguishable.  In White, the police had placed the defendant in a temporary investigative detention.  267 Va. at 105, 591 S.E.2d at 668.  Although the police intended to take the defendant into custody, the police "had not yet restrained White for this purpose, and it was at that propitious moment that White chose to flee."  Id. at 106, 591 S.E.2d at 668.  Thus, as the defendant escaped before the police arrested him or limited his freedom of movement "to a degree associated with formal arrest," he was not in custody when he escaped.  Id.  By contrast, the police here had effected a formal arrest on Hall.  This arrest placed Hall in custody under the escape statute.  Id. at 104, 591 S.E.2d at 667.