Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

ANTOINE LANIER HALL

OPINION BY
v.  Record No. 100160      JUSTICE CYNTHIA D. KINSER
November 4, 2010

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The defendant, Antoine Lanier Hall, was convicted in a bench trial in the Circuit Court for the City of Danville for escape "by force or violence" in violation of Code § 18.2-478. To be guilty of felonious escape from custody under that statute, the Commonwealth must prove beyond a reasonable doubt that "the accused was in the custody of the police officer, that the accused was charged with a criminal offense before he was taken into custody, and that the accused escaped from such custody by force or violence."  Hubbard v. Commonwealth, 276 Va. 292, 295, 661 S.E.2d 464, 466 (2008).  Hall only challenges the sufficiency of the evidence to prove that he was in the custody of a police officer.  Finding sufficient evidence to prove that Hall was under arrest and therefore in custody prior to his escape, we will affirm the judgment of the Court of Appeals of Virginia, which upheld Hall's conviction.

I.    MATERIAL FACTS AND PROCEEDINGS[1]

Two uniformed officers with the City of Danville Police Department, Andrew R. Norris and Randy Merrill, went to Hall's residence in the City of Danville to serve outstanding arrest warrants for Hall.  According to Officer Norris, he approached the residence's front door, while Officer Merrill proceeded to the rear of the residence.  After knocking on the front door, Officer Norris informed a female who came to the door that he "was looking for [Hall]."

Hall then came to the front door, and Officer Norris advised Hall that he had a warrant for his arrest and asked him to step outside.  Hall complied with the request and came out onto the front porch.  According to Officer Norris, he then "grabbed [Hall] by his left wrist[,] told him he was under arrest," and directed him "to put his hands behind his back." Officer Norris started to handcuff Hall but just before he could "latch[]" the handcuff onto Hall's left wrist, Hall commenced to struggle with Officer Norris.  A scuffle ensued between Officer Norris and Hall, which took them from the front porch into the

---

[1] "As required by established principles of appellate review, we will recite the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we will accord the Commonwealth the benefit of all inferences fairly deducible from that evidence." Stephens v. Commonwealth, 263 Va. 58, 59-60, 557 S.E.2d 227, 228 (2002).

residence's front yard.  All the while, Officer Norris was commanding Hall to "stop and put his hands behind his back" and was attempting to handcuff Hall, but Hall continued to pull away from Officer Norris.  Hall eventually wrestled free of Officer Norris' grasp, leaving Officer Norris holding onto Hall's shirt. When the shirt tore, Hall fled on foot.

Officer Merrill testified that while he was waiting at the rear of Hall's residence, he "heard a loud commotion" and "Officer Norris yell, 'You're under arrest. Don't resist me.'" Officer Merrill proceeded to the front of the residence, where he saw Hall and Officer Norris struggling.  According to Officer Merrill, "Officer Norris was trying to gain control of [Hall] by grabbing his arm [and] shirt."  When Officer Norris "lost his grip," Hall ran off and both officers chased after him. Although Merrill "deployed" a taser gun that caused Hall to fall to the ground, the leads apparently pulled out of the cartridge, and Hall was able get up and run off.  Hall was eventually apprehended and charged with felonious escape.

Hall testified that when he heard Officer Norris at his front door talking to his "girlfriend," he went to the door and onto the porch.  Hall admitted that Officer Norris "grabbed one of [his] arms, and . . . pinned it," but stated that his other arm remained free.  Hall also admitted that Officer Norris grabbed his shirt but that he, nevertheless, was able to, and

3

did, run off.  Hall did not recall any handcuffs, being tased, or falling down.

At the close of the Commonwealth's case-in-chief, and again after he testified, Hall moved to strike the evidence.  Hall argued, in part, that the Commonwealth failed to prove he was in the custody of Officer Norris.  The circuit court denied both motions and found Hall guilty of violating Code § 18.2-478.  The court subsequently sentenced Hall to three years of incarceration, with two years and 290 days suspended, and supervised probation for a period of 12 months.

Hall appealed the judgment of conviction to the Court of Appeals of Virginia.  Relying on White v. Commonwealth, 267 Va. 96, 591 S.E.2d 662 (2004), the Court of Appeals concluded that Officer Norris "arrested Hall by grabbing Hall's wrist and informing him he was under arrest," notwithstanding "Hall's subsequent actions depriv[ing Officer] Norris of control."  Hall v. Commonwealth, 55 Va. App. 451, 453-54, 456, 686 S.E.2d 554, 555, 556 (2009).  Because "persons arrested are 'always in custody for purposes of applying'" Code § 18.2-478, Hall, 55 Va. App. at 456, 686 S.E.2d at 556-57 (quoting White, 267 Va. at 104, 591 S.E.2d at 667), the Court of Appeals concluded that "Hall was properly convicted of escape" and affirmed the circuit court's judgment.  Id. at 456-57, 686 S.E.2d at 557.  We then granted this appeal.

4

## II. ANALYSIS

On appeal, Hall challenges the sufficiency of the evidence to sustain his conviction, in particular the holding that Hall was in "custody" for purposes of Code § 18.2-478.  In deciding this question, "[w]e are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence," Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008), but, we "review de novo the issue of law whether the . . . facts before us establish" that Hall was in "custody" within the meaning of Code § 18.2-478.  Bristol v. Commonwealth, 272 Va. 568, 573, 636 S.E.2d 460, 463 (2006).

The relevant provisions of Code § 18.2-478 state:  "if any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony."[2]  Construing

---

[2] In contrast, Code § 18.2-479.1, which makes it unlawful for any person to "intentionally prevent[] or attempt[] to prevent a law-enforcement officer from lawfully arresting him," does not require that such person be in the lawful "custody of any police officer."  Code § 18.2-478.  For purposes of Code § 18.2-479.1, the phrase "intentionally preventing or attempting to prevent a lawful arrest" is defined as:

> fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such

the requirement of "custody" found in Code § 18.2-479,[3] this Court has stated that "the inquiry is whether the officer, with proper authority . . . , had by his words or use of physical force, curtailed the individual's freedom of movement beyond that required for a temporary investigative detention."  White, 267 Va. at 105, 591 S.E.2d at 668.  However, "an individual under arrest is always in custody for purposes of applying Code § 18.2-479."  Id. at 104, 591 S.E.2d at 667.  And, an arrest "occurs when the officer actually restrains the individual or the individual submits to the authority of the officer."  Id. at 104, 591 S.E.2d at 666 (citing Howard v. Commonwealth, 210 Va. 674, 677, 173 S.E.2d 829, 832 (1970)); accord Bristol, 272 Va. at 573, 636 S.E.2d at 463; see also California v. Hodari D., 499 U.S. 621, 624, 626 (1991) (stating that the common law of arrest required either "the mere grasping or application of physical force with lawful authority, whether or not [the force] succeeded in subduing the arrestee," or "submission to the assertion of authority") (emphasis omitted).

---

communication knows or should know that he is not free to leave.

Id.

[3] We have not previously addressed the meaning of the term "custody" as used in Code § 18.2-478.  We agree with the Court of Appeals' conclusion that the term "custody" has the same meaning in Code § 18.2-478 as it has in Code § 18.2-479.  See Hall, 55 Va. App. at 454 n.1, 686 S.E.2d at 555 n.1.

6

In White, an officer, during a traffic stop, conducted a "protective pat-down search" of the defendant and, upon feeling "what seemed to [the officer] to be" illegal drugs, questioned the defendant about the substance. Id. at 99-100, 591 S.E.2d at 663-64. Without answering the officer's inquiry, the defendant began to struggle with the officer and fled the scene. Id. at 100, 591 S.E.2d at 664. The defendant was subsequently charged with escape from custody in violation of Code § 18.2-479(B). Id. At trial, the officer "conced[ed] that [the defendant] was not under arrest at the time he conducted the pat-down search." Id. at 101, 591 S.E.2d at 664. This Court reversed the conviction, holding that the defendant was not in custody because the officer "had not yet restrained" the defendant "for the purpose of placing him under arrest" "at that propitious moment that [the defendant] chose to flee rather than submit to [the officer's] authority." Id. at 105-06, 591 S.E.2d at 668.

Here, Officer Norris went to Hall's residence and advised Hall that he had a warrant for his arrest. After directing Hall to step onto the front porch, Officer Norris, acting with lawful authority, advised Hall that he was under arrest and grabbed Hall's left wrist to handcuff him. In other words, Officer Norris spoke words of arrest and actually touched Hall for the stated purpose of arrest. Thus, at that moment, notwithstanding Hall's subsequent flight, the arrest was effected and Hall was

7

in custody.  See id. at 104, 591 S.E.2d at 667 ("[A]n individual under arrest is always in custody.").  Accordingly, we conclude that the evidence was sufficient to prove that Hall was in "custody" pursuant to Code § 18.2-478 prior to his forcibly wrestling free of Officer Norris' grasp, and that Hall "escape[d]" from custody "by force or violence" in violation of Code § 18.2-478.

## III. CONCLUSION

For these reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.