COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

KIMBERLY S. WYATT

v.        Record No. 0291-19-2

ROGER G. WYATT

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
OCTOBER 1, 2019

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Richard L. Locke (Shannon S. Otto; Locke & Quinn on briefs), for
appellant.

Robert L. Isaacs (Robert L. Isaacs, P.C., on brief), for appellee.

Kimberly S. Wyatt (wife) and Roger G. Wyatt (husband) each filed complaints for divorce,

each alleging desertion and cruelty.  After several hearings and agreements, three issues remained

for the trial court to resolve—spousal support, child support, and attorney's fees.  The trial court

resolved these issues in the final decree, which incorporated the court's opinion letter.  Wife now

appeals the trial court's decisions on all three issues.  For the reasons below, we affirm.

I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We view the facts in the light most favorable to the prevailing party below, granting to it the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

benefit of any reasonable inferences; we review issues of law *de novo*. Hall v. Commonwealth, 55 Va. App. 451, 453 (2009).

The parties were married in 2001. In 2016, one of the parties' three children was diagnosed with cancer. He died the following year. During the child's illness, wife had mental health and alcohol use issues, which at times necessitated medication and hospitalization. Each party filed for divorce shortly after the child's death, and the cases were consolidated in August 2017. During the early stages of litigation, the trial court focused on determining the origin and severity of wife's alcohol use as it related to custody and care of the parties' two other children. This portion of the litigation accounted for a large part of the parties' attorneys' fees. The parties reached agreements on the grounds for divorce,[1] equitable distribution and custody, leaving support issues and attorney's fees as the only issue for the trial court to resolve. Wife now appeals the trial court's decisions.

## II.  ANALYSIS

### A.  Spousal Support

Wife argues that the trial court erred in failing to award her spousal support and erred in finding husband did not have ability to pay.

"Spousal support determinations typically involve fact-specific decisions best left in the 'sound discretion' of the trial court." Brandau v. Brandau, 52 Va. App. 632, 641 (2008). "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." Carrithers v. Harrah, 63 Va. App. 641, 653 (2014) (quoting Brandau, 52 Va. App. at 641).

> This highly deferential standard of review, of course, does not "simply mean that a circuit court may do whatever pleases it." Shebelskie [v. Brown], 287 Va. [18,] 26 [(2014)] (internal

---

[1] The parties agreed that the divorce would be granted based on their living separate and apart for one year. See Code § 20-91(9)(a).

quotation marks omitted). It does mean that, for some decisions, "conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." Hamad v. Hamad, 61 Va. App. 593, 607 (2013). The trial court "has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth, 285 Va. 187, 212-13 (2013) (alteration and internal quotation marks omitted). We apply this "bell-shaped curve of reasonability" based on our "venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Hamad, 61 Va. App. at 607.

Id. at 653-54. "In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." Alphin v. Alphin, 15 Va. App. 395, 401 (1992).

Here, the trial court agreed with wife that she established a need for support. Wife's monthly gross income from her part-time job was $1,548. Her expenses exceeded her income. Nevertheless, the court also found husband had no ability to pay. Husband provided an income and expense statement, and wife did not argue the unreasonableness of any expense. Although husband had a gross monthly income of $9,721, the court found his reasonable monthly expenses exceeded his income. Furthermore, the court expressly found husband had *underreported* his expenses. The court also found husband had borrowed about $80,000 to pay expenses and pay for the divorce litigation. The court thus found husband had no ability to pay spousal support at the time of the hearing.

Moreover, although the trial court declined to impute income to wife, it noted that she had made the decision to restrict her working hours in order to be home when the children arrive home from school during the weeks she has custody. Wife restricted her work hours in spite of husband's payment for after-school care during both his custody weeks and wife's custody weeks. "[O]ne who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need." McKee v. McKee, 52 Va. App. 482, 490 (2008)

- 3 -

(quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 734 (1990)).  Wife's decision to work part-time with restricted availability in order to accommodate her children, even though child care was provided by husband, was a factor the court could consider in deciding whether to award spousal support.

It is true that husband's income was substantially higher than wife's and that wife's expense sheets indicated she had reduced her standard of living below that which she had while married.  However, the trial court considered these income and expense sheets along with the other evidence presented at trial.  We cannot say that the court's decision not to award wife spousal support fell outside the bell-shaped range of reasonable choices by the court after its consideration of the statutory factors, wife's need, and husband's inability to pay.  See Carrithers, 63 Va. App. at 654.

## B.  Child Care Costs

Wife argues that the trial court erred in considering child care costs when calculating child support payments because wife was willing to care for the children at no cost.

"Child support decisions, like '[s]pousal support determinations[,] typically involve fact-specific decisions best left in the "sound discretion" of the trial court.'"  Niblett v. Niblett, 65 Va. App. 616, 624 (2015) (alterations in original) (quoting Brandau, 52 Va. App. at 641).  "[T]he court's calculation of child support obligations is a combination of mandatory steps and broad discretion."  Id.  "[U]nless it appears from the record that the circuit court judge has abused his discretion by not considering or by misapplying one of the statutory mandates, the child support award will not be reversed on appeal."  Id. (quoting Milam v. Milam, 65 Va. App. 439, 451 (2015)).

"A trial court is authorized to consider child-care expenses and include in a child support award an appropriate amount reflecting those costs."  Shoup v. Shoup, 37 Va. App. 240, 254

(2001) (*en banc*). Code § 20-108.2(F) provides, "Where appropriate, the court shall consider the willingness and availability of the noncustodial parent to provide child care personally in determining whether child-care costs are necessary or excessive."

Here, the trial court followed the statutory guidelines in determining the presumptive amount of child support. See Code § 20-108.2. The court additionally found husband's child care cost of $530 to be reasonable and necessary for his employment and awarded that amount to husband. See Code § 20-108.2(F). The court considered wife's argument that child care was unnecessary because she was willing and available to care for the children after school during husband's custodial weeks as well as her own. The court nonetheless decided husband's child care costs were reasonable. The specific facts of this case included wife's testimony that she suffers from multiple medical issues, including anxiety, depression, and low blood sugar, that she takes medication, and that she was in counseling for mental health issues, alcohol use, and grief issues related to the death of the parties' son. The court also noted that wife had an obligation to earn as much as she reasonably could in order to reduce her spousal support needs; providing personal child care could inhibit her search for better employment. We cannot say that the court's fact-specific decision was an abuse of the court's broad discretion. See Niblett, 65 Va. App. at 624.

In summary, the trial court followed the statutory guidelines in computing child support. The court considered wife's willingness and availability to provide child care personally. It did not abuse its discretion when it concluded, based on the specific facts of this case, that an award of child care costs to husband was the appropriate decision. See id.

- 5 -

C. Attorney's Fees

Wife argues the trial court erred in not awarding her attorney fees. "[An] award for attorney's fees in a divorce matter is left to the sound discretion of the trial court." Rinaldi v. Rinaldi, 53 Va. App. 61, 78 (2008).

Here, the trial court considered the parties' requests for attorney's fees, both of which exceeded $50,000. The court noted that the litigation time involved in determining the origin and severity of wife's mental health and alcohol issues contributed to the high fee amount. Although husband's monthly income is substantially higher than wife's, the court noted husband had borrowed money to pay his attorney's fees. Based on the facts of this case, we cannot say the trial court abused its discretion in declining to award attorney's fees to wife. See id.

III. CONCLUSION

The trial court did not abuse its discretion in determining that spousal support was not appropriate in this case, in awarding husband child care costs, and in declining to award attorney's fees to wife. Accordingly, we affirm. Wife requests the Court grant her attorney fees and costs in connection with this appeal. "We deny [w]ife's request for attorney's fees on appeal given [h]usband's position as prevailing party." Rogers v. Rogers, 51 Va. App. 261, 274 (2008) (quoting Smith v. Smith, 43 Va. App. 279, 291 n.6 (2004)).

Affirmed.