# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Petty and Beales
Argued by videoconference


YAMINA ANNA JORDAN

v.      Record No. 0648-20-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
MARCH 2, 2021


FROM THE CIRCUIT COURT OF THE CITY OF FREDRICKSBURG
Sarah L. Deneke, Judge

Kevin E. Calhoun (Charles C. Cosby, Jr.; The Law Office of Charles
C. Cosby, Jr., P.C., on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Yamina Anna Jordan appeals her conviction for perjury, in violation of Code § 18.2-434.

She asks this Court to use the ends of justice exception to Rule 5A:18 to reach her argument on

appeal that the evidence was insufficient to support the conviction. For the reason below we decline

to do so and thus affirm.

## I. BACKGROUND

Because this is an unpublished opinion that carries no precedential value and the parties

are fully conversant with the record, we recite only those facts and incidents of the proceedings

as are necessary to the parties' understanding of the disposition of this appeal. As with any

criminal appeal challenging the sufficiency of the evidence, we consider the evidence in the light

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

most favorable to the prevailing party, here the Commonwealth. Hall v. Commonwealth, 55 Va. App. 451, 453 (2009).

Officers Piersol and Menck with the Fredericksburg Police Department responded to a Hardee's on April 13, 2019, after reports that a customer refused to leave the restaurant. The officers found belongings with Jordan's name on them and located Jordan across the street from the Hardee's. Officer Menck handed Jordan a copy of a trespass notice, which she refused to sign. Both officers were wearing body cameras during the interaction with Jordan. Several days after the interaction near Hardee's, Jordan filed petitions for a protective order against both officers, alleging "[i]illegal stalking and targeting of Petitioner, abuse of power, unlawful conduct, violations of civil rights."

During the general district court hearing on the petitions for protective orders, Jordan testified that the officers engaged in "illegal activity" and that their conduct was an "extenuation of harassment." She stated that she "received threats of . . . being put in danger by certain officers." She testified multiple times that one of the officers called her a "whore." The court responded, "that's still not grounds for a protective order." She testified that Officer Piersol[1] "fe[d her] some sort of verbal threat" and that Officer Menck made derogatory comments and used verbal threats and body language to "connote[] domination." Jordan also testified that police officers "like" Menck and Piersol were going to find and kill her. The general district court dismissed both petitions, finding no evidence that either officer engaged in behavior warranting a protective order.

Jordan was charged with three counts of perjury—two based on her sworn statements in petitions for the protective orders against Officers Menck and Piersol, and one based on her

---

[1] Jordan could not remember Officer Piersol's name during her testimony in the general district court. She also later admitted in her circuit court testimony that she had mixed up Officers Menck and Piersol in her general district court testimony.

testimony during the general district court hearing for those petitions.  The circuit court held a bench trial for Jordan's perjury charges on July 1, 2019.

During Jordan's perjury trial, the Commonwealth introduced the body camera video of the April 13, 2019 interaction and presented testimony from the two officers.  Both Officers Menck and Piersol testified that they did not touch or threaten Jordan during this interaction.  Officer Piersol testified that his interaction with Jordan was "pleasant."  Officer Menck testified that he was "professional."  After the Commonwealth rested, Jordan testified and incorporated her closing argument into her testimony.  In evaluating the evidence, the trial court stated, "The body cameras are the best witness that this [c]ourt or anyone else has as to what occurred in your interactions between these officers."  The trial court further stated that Jordan's statements that Officer Menck threatened Jordan and called her names and her "allegation . . . that officers like him" were going to find and kill her "just did not happen."

> [Officer Menck] never said one word to you that wasn't professional, that wasn't within the bounds of why he'd been called there.  He never stepped out of line. . . . [Officer Piersol] was never anything but polite to you.  He was never anything other than professional.  He never threatened you.

The court found Jordan guilty of all three counts of perjury.  It stated, "What I'm concerned with primarily in your testimony before the General District Court is where you tell the Judge that this officer called you a whore on multiple occasions . . . .  It did not happen."  This appeal followed.[2]

## II.  ANALYSIS

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  "However, Rule 5A:18 permits us to overlook the appellant's failure to preserve the issue and

---

[2] Although Jordan's petition for appeal included all three convictions, we only granted her appeal of the conviction based on her testimony before the district court.

consider the merits of [her] argument for the first time on appeal if the ends of justice so demand." Brittle v. Commonwealth, 54 Va. App. 505, 512 (2009). "Nonetheless . . . '[t]he "ends of justice" exception . . . is "narrow and is to be used sparingly."'" Id. (quoting Pearce v. Commonwealth, 53 Va. App. 113, 123 (2008)).

"Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Flanagan v. Commonwealth, 58 Va. App. 681, 695 (2011) (quoting Wheeler v. Commonwealth, 44 Va. App. 689, 692 (2005)). The Commonwealth's failure to prove an element of the offense does not alone warrant application of the ends of justice exception; the Commonwealth's evidence must either "prove[] that an essential element ha[s] not occurred" or that "the defendant was convicted for conduct that was not criminal." Redman v. Commonwealth, 25 Va. App. 215, 223 (1997).

Jordan contends on appeal that the evidence was insufficient to establish the materiality element of perjury.[3] At no point did Jordan make the argument to the trial court she now makes on appeal—that her statements in the general district court were immaterial to the issuance of a protective order. Rather, Jordan argued that the events she described in the general district court had actually transpired and were "evidence." She concedes that she did not make this argument before the trial court. Nonetheless, she contends that without evidence of a material false

---

[3] "In order to sustain a perjury conviction under [Code § 18.2-434], the Commonwealth ha[s] the burden of proving: (1) that an oath was lawfully administered; (2) that the defendant wilfully swore falsely; and (3) that the facts to which [s]he falsely swore were material to a proper matter of inquiry." Pijor v. Commonwealth, 294 Va. 502, 513 (2017) (first and second alterations in original) (quoting Mendez v. Commonwealth, 220 Va. 97, 102 (1979)). "Testimony is material if it is relevant to a main or collateral issue on trial." Sheard v. Commonwealth, 12 Va. App. 227, 232 (1991). "Evidence is relevant if it has any logical tendency, *however slight*, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918 (1993) (emphasis added). See also Ronald J. Bacigal, 7 Virginia Practice: Criminal Offenses and Defenses 480 (2016) ("In the perjury context, materiality 'means that the statement must be one about a fact that could influence the outcome of the proceeding.'").

statement, the crime of perjury did not occur, thus warranting application of the ends of justice exception to Rule 5A:18.

"This argument ignores the distinction between lack of proof of an element and affirmative proof that the element did not occur. Arguing that the record is devoid of evidence of an element does not equate with affirmative proof that an element did not occur." Le v. Commonwealth, 65 Va. App. 66, 75 (2015). Here, the evidence did not affirmatively establish that an element of the crime of perjury did not occur or that Jordan was convicted for conduct that was not criminal. The Commonwealth's evidence established that Jordan testified under oath that one of the officers called her a "whore" and that the officers behaved in a threatening manner. Nowhere does the record show that Jordan did not, in fact, make those statements in the general district court. In addition, nowhere does the record affirmatively establish that Jordan made no material false statements. The record contains observations by the general district court that, based on Jordan's allegations, protective orders were not warranted. Contrary to Jordan's contention on appeal to this Court, these observations do not establish that each of her statements in the general district court was immaterial to the proceeding. Instead, these observations merely demonstrate the general district court's conclusions about the weight of Jordan's evidence.

Because Jordan has failed to identify where the "record contains affirmative evidence of innocence or lack of a criminal offense," the ends of justice exception has not been met. Flanagan, 58 Va. App. at 695 (quoting Wheeler, 44 Va. App. at 692). Therefore, because she did not raise this argument to the trial court, and the ends of justice exception does not apply, we will not consider her claim that the evidence was insufficient. See Rule 5A:18.

### III.  CONCLUSION

We conclude that Jordan has failed to meet the requirements of the ends of justice exception to Rule 5A:18, and we decline to consider the merits of her argument on appeal.  Therefore, we affirm.

<u>Affirmed.</u>