UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Athey and White
Argued at Lexington, Virginia


ANTONIO LEE FRANKLIN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1119-24-3          JUDGE KIMBERLEY SLAYTON WHITE
                                                            JULY 8, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Monica Tuck, Assistant Public Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

S. Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


        Following a bench trial, Antonio Lee Franklin was convicted of escaping without the use of

force in violation of Code § 18.2-479.  Franklin was sentenced to 12 months in jail.  On appeal,

Franklin contends that the evidence is insufficient to support his conviction.  We disagree and affirm

the judgment of the trial court.

                                        BACKGROUND

        "In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Meade v. Commonwealth*,

74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

"Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all

inferences that may reasonably be drawn from that evidence."  *Id.* (quoting *Gerald*, 295 Va. at 473).

---

        * Pursuant to Code § 17.1-413(A), this opinion is not designated for publication.

While already incarcerated at Blue Ridge Regional Jail, Franklin was released on a temporary furlough to receive treatment at the Eagles Nest Regeneration treatment program—a drug and alcohol program in Floyd, Virginia. The furlough was granted on Franklin's motion, over the objection of the Commonwealth. Franklin had participated in a screening process for the program, but before being accepted to the program, Franklin was required to undergo an in-person intake interview. The furlough order required Franklin to be released at 9:00 a.m. on September 29, be driven directly to the Eagles Nest program, and remain in the inpatient facility there. The order further provided that if his treatment was terminated and he still had a remaining sentence, Franklin was to report directly back to the jail. Franklin signed the furlough order. He was furloughed on September 29, never arrived for the intake interview, and did not return to Blue Ridge Regional Jail until November 23, when he was arrested on other charges. He was charged with escaping custody in violation of Code § 18.2-479 for violating the terms of his furlough.

In his motion to strike, Franklin argued that departing from the terms of the furlough order did not constitute an escape from custody under Code § 18.2-479. The trial court denied the motion. The court convicted Franklin of escape without force. Franklin appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Franklin argues that the trial court erred by denying his motions to strike the charge of escape under Code § 18.2-479. He contends that "he was not in 'custody' when the relevant conduct occurred." "Whether an individual is in custody is a mixed question of law and fact." *King v. Commonwealth*, 73 Va. App. 349, 353 (2021). "Therefore, this Court is 'bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence.'" *Id.* (quoting *Hall v. Commonwealth*, 280 Va. 566, 570 (2010)). "However, whether those facts rise to the legal standard of being in 'custody' is a legal question that this Court reviews *de novo*." *Id.*

"[W]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Shifflett v. Commonwealth*, 81 Va. App. 277, 289 (2024) (en banc) (alteration in original) (quoting *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023)).

Code § 18.2-479 provides:

> A. Except as provided in subsection B, any person lawfully confined in jail or lawfully in the custody of any court, officer of the court, or law-enforcement officer . . . for violation of his probation or parole or on a charge or conviction of a misdemeanor who escapes, other than by force or violence or by setting fire to the jail, is guilty of a Class 1 misdemeanor.
>
> B. Any person lawfully confined in jail or lawfully in the custody of any court, officer of the court, or law-enforcement officer . . . on a charge or conviction of a felony who escapes, other than by force or violence or by setting fire to the jail, is guilty of a Class 6 felony.

Here, although Franklin was permitted temporarily to leave the premises of the jail, he remained confined and in the custody of the Blue Ridge Regional Jail.

"Virginia law has long held that an inmate of a prison serving a sentence can remain in a 'state of confinement' even when temporarily outside prison boundaries." *Marlowe v. Sw. Va. Reg'l Jail Auth.*, 81 Va. App. 415, 429 (2024).[1]  Although Franklin "was not within the walls of the penitentiary" at the time of his escape, "he was yet, in the eye of the law, still a convict in the penitentiary" and was "as actually bound by the regulations of that institution, as if he had been locked within one of its cells.  These laws and regulations attach to the person of the convict wherever he may be carried by authority of law . . . ."  *Id.* at 430 (alteration in original) (quoting *Ruffin v. Commonwealth*, 62 Va. (21 Gratt.) 790, 793-94 (1871)).  Although outside the physical facility, Franklin remained "confined in jail" for purposes of Code § 18.2-479.  *See United States v. Coggins*, 398 F.2d 668, 668 (4th Cir. 1968) (holding that a prisoner was guilty of willful escape when he failed to report back to the jail as directed, as he remained in custody while on furlough).

In determining if a person is in custody, "the proper inquiry is whether the individual's freedom of movement was curtailed to a degree associated with incarceration at a jail or prison." *King*, 73 Va. App. at 354.  Our Court has had the opportunity to make this inquiry.  On one end of the spectrum is our holding in *Davis v. Commonwealth*, 45 Va. App. 12 (2005).  There, the appellant had pleaded guilty to various felony drug charges and other offenses.  While awaiting the preparation of the presentence report, he was continued on bond and ordered to report to the regional jail on a specific date, about a month later.  When he failed to report to jail, he was charged with escape from custody.  Holding that the appellant's conduct did not constitute

---

[1] Although *Marlowe* involved the interpretation of a statute of limitations to be applied to an injury claim by plaintiff in a prison setting, critical to the analysis was whether the appellant was confined within a correctional facility.

escape under Code § 18.2-479, we stated that "[a]t best, he had a future appearance requirement." *Id.* at 15. Being released from the trial court pending sentencing and simply being free on a bond does not evidence the "*degree of physical control or restraint*" necessitated by the statute. *Id.*

At the other end of the spectrum is our holding in *King*. There, the appellant had pleaded guilty to a felony and had been sentenced to a term of imprisonment. *King*, 73 Va. App. at 352-53. After being remanded to the custody of the sheriff's department, he was approved for an alternative incarceration program. *Id.* at 352. He was permitted to serve his sentence while at home and while subject to various restrictions. *Id.* Among those rules were that he was required to wear a GPS ankle monitor at all times, was required to allow the sheriff's office to track his movement, and was required to restrict his travel by only going to and from work. *Id.* When the appellant removed the monitor and absconded for nearly a month, he was charged with escape from custody. *Id.* at 353. This Court, comparing *King* to *Davis*, stated that *King* "lies at the other end of the spectrum. Davis was subjected to no restriction on his movement; nor were his movements monitored. He was merely given a date to return in the future." *Id.* at 355. "That is in stark contrast to [King], where [he] was prohibited from leaving his house for any reason except to travel to and from work *and* was subject to 24/7 GPS monitoring to ensure compliance." *Id.*

Here, while released from jail on furlough, Franklin remained in the custody of Blue Ridge Regional Jail and was subject to the restrictions in the signed furlough order.[2] Franklin was allowed to leave the confines of the jail only at a specific time. He was allowed to go only

---

[2] Franklin also argues before this court that the trial court may not have had the authority to release him on a furlough order despite his clear motion for a "furlough" and his endorsement of the order granting the furlough. This argument was not made to the trial court. Because of the approbate and reprobate doctrine and Rule 5A:18, we do not address this argument.

to one place.  He was permitted only to go directly to the therapy program.  He was ordered to remain at the facility until services were completed.  He was ordered to return to the jail if, after serving time at the facility, he still had time remaining on his sentence.  He was required to acknowledge the terms of his release.  Franklin specifically violated the terms and escaped from custody by leaving the jail and not going directly to Eagles Nest as directed, by not remaining at the facility, and by not returning to the jail.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Franklin was guilty of escape without force in violation of Code § 18.2-479.

CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*