### Richmond

MICHAEL LOUIS MASON V. COMMONWEALTH
OF VIRGINIA.

October 8, 1976.

Record No. 760117.

Present, All the Justices.

*Edwin J. Elmore, Jr.,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Michael Louis Mason, was indicted for felonious escape in violation of Code § 53-291(2). Upon arraignment, he moved to dismiss the indictment on the ground that he had been indicted under the wrong statute and was liable to prosecution only for a misdemeanor under Code § 18.1-290. On June 7, 1974, after a hearing, the defendant was convicted of felonious escape, and he was subsequently sentenced to a term of one year in the penitentiary.

The record shows that on January 12, 1974, the defendant was arrested in the City of Hampton on a charge of larceny from

the person.[1] He was transported to the Hampton Police Department, where he was processed and placed in the lockup in the custody of the desk sergeant. Approximately one and one-half hours later, it was discovered that the defendant had escaped.

Code § 53-291, under which the defendant was indicted and convicted, was worded,[2] in pertinent part, as follows:

"It shall be unlawful for an inmate in a penal institution as defined in § 53-9 . . . to do any of the following:

". . . .

"(2) To escape from such penal institution . . . .

". . . .

"For [this] offense . . . the inmate shall be guilty of a felony and he shall be punished by confinement in the penitentiary not less than one nor more than five years . . . ."

Code § 53-9, referred to in § 53-291, was worded,[3] in pertinent part, as follows:

"The term . . . 'penal institution' as used in this title means and includes every . . . lockup . . . owned, maintained or operated by any political subdivision of the Commonwealth . . . ."

Code § 18.1-290 (now § 18.2-479), under which the defendant says he should have been charged and tried, was worded, in pertinent part, as follows:

"If any person lawfully . . . in the custody . . . of any law enforcement officer on a charge or conviction of a criminal offense escape . . . he shall be confined in jail not exceeding six months, or be fined not exceeding five hundred dollars, or both."

Thus, when the defendant escaped, he was liable under the felony statute, § 53-291(2), because he was an inmate in a "penal

---

[1] The defendant subsequently received a three-year penitentiary sentence on the larceny charge.

[2] Section 53-291 was amended and reenacted at the 1975 session of the General Assembly. Acts 1975, c. 588.

[3] Section 53-9, in effect at the time of the defendant's escape and trial, was repealed by Acts 1974, cc. 44, 45. The same definition of "penal institution" is now contained in § 53-19.18, and present § 53-291 refers to that Code section.

institution," *viz.*, the lockup maintained by the City of Hampton. He was also liable under the misdemeanor statute, § 18.1-290, because he was lawfully in the custody of a law enforcement officer on a charge of a criminal offense. The question we must decide is whether the defendant should have been prosecuted only for a misdemeanor under § 18.1-290.

The defendant contends that "it is the character or nature of the confinement which determines" whether an escapee should be prosecuted under the misdemeanor statute or the felony statute; the "key" is whether at the time of the escape, the prisoner has been "assigned to the direct custody of the State Penitentiary system." The defendant points out that the felony statute, § 53-291, is entitled "Felonies by convicts in general" and is part of Title 53, Chapter 12, which chapter is entitled "Crimes by Convicts." He then argues that because, when he escaped, he had been only processed on a criminal offense and not convicted, he was not a "convict" within the contemplation of § 53-291 and had not been "assigned to the direct custody of the State Penitentiary system."

We disagree with the defendant's argument. In the first place, use of the word "convict" in the titles of the chapter and Code section in question is not controlling; the summary title is not part, and does not determine the meaning, of the body of a statute. *Brown* v. *Commonwealth*, 215 Va. 143, 146, 207 S.E.2d 833, 836 (1974).

Furthermore, nothing in the misdemeanor statute indicates it establishes the exclusive offense for persons who escape before conviction or assignment to the penitentiary system, and nothing in the felony statute indicates it is applicable only to those who escape after conviction and assignment to the penitentiary system. As we have already demonstrated, § 53-291 clearly includes within its terms the escape offense involved here: while held for prosecution, the defendant was an inmate in a penal institution within the contemplation of § 53-291, and when he escaped, he violated that section. *See Kelly* v. *Cox*, 353 F. Supp. 1050 (W.D. Va. 1972).

In our opinion, it is a matter of prosecutorial election whether the Commonwealth proceeds under the misdemeanor statute or the felony statute against an accused in the defendant's situation. *Wheeler* v. *Commonwealth*, 192 Va. 665,

669, 66 S.E.2d 605, 607 (1951). Conviction, of course, under one of the statutes bars prosecution under the other. Code § 19.1-259 (now § 19.2-294). In this case, for some reason undisclosed by the record, the Commonwealth chose to press the more serious charge; but we cannot gainsay its right to make that election.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*