COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


KEITH LAMONTE HILL

MEMORANDUM OPINION[*] BY
v.    Record No. 2030-00-1    JUDGE RUDOLPH BUMGARDNER, III
APRIL 30, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
John Edward Clarkson, Judge Designate

S. Jane Chittom, Appellate Defender (Kevin P.
Shea; Keith Lamonte Hill, pro se, on briefs),
for appellant.

Michael T. Judge, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


A jury convicted Keith Lamonte Hill of credit card forgery,

uttering a forged credit card sales draft,[1] and credit card

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Code § 18.2-193(1)(c) provides:

A person is guilty of credit card forgery
when:

*    *    *    *    *    *    *

[h]e, not being the cardholder or a person
authorized by him, with intent to defraud
the issuer, or a person or organization
providing money, goods, services or anything
else of value, or any other person, forges a
sales draft . . . or uses a credit card
number of a card of which he is not the
cardholder, or utters, or attempts to employ

fraud.[2]  On appeal, he contends (1) there was no cardholder, (2) the indictment named the wrong defrauded party, (3) the term "payment device number" was unconstitutionally ambiguous, (4) the evidence was insufficient to prove intent to defraud, and (5) he was convicted under the wrong statute.  Finding no error, we affirm.

We review the evidence in the light most favorable to the Commonwealth granting it all reasonable inferences.  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  On July 17, 1999, the defendant obtained credit at Gordon's Jewelers by submitting an identification card displaying his picture but supplying the name, address, phone number, and social security number of Thomas McIntyre, an actual person.  The defendant obtained a $5,000 line of credit issued to the name of Thomas McIntyre.  The credit company provided an account access number that permitted immediate draws against the new account.  The defendant used that number to make two purchases totaling $2,823.59.  He signed the sales draft, "Thomas McIntyre."

as true, such forged draft knowing it to be forged.

[2] Code § 18.2-195(1)(b) provides:  "A person is guilty of credit card fraud when, with intent to defraud any person, he . . . [o]btains . . . goods . . . or anything else of value by representing (i) without the consent of the cardholder that he is the holder of a specified card or credit card number . . . ."

-

Thomas McIntyre did not apply for credit at Gordon's Jewelers, though he later received a plastic charge card through the mail with $2,823.59 charged against it.  He did not sign the sales draft which was admitted as an exhibit and which bore the account access number and McIntyre's name written in the defendant's hand.  McIntyre had no connection to the defendant but had rented a truck a week earlier from a store where the defendant worked.

The defendant contends the evidence cannot prove he committed credit card forgery because there was no cardholder since he accessed the account before a credit card could be issued.  Alternatively, the defendant maintains if there was a cardholder, only he could have been that person.

The legal definitions of "Credit card" and "Cardholder" found in Code § 18.2-191 are considerably more extensive than the literal definitions the defendant must employ to make his argument.  "Credit card" is "any instrument or device, whether known as a credit card . . . or by any other name, issued . . . by an issuer for the use of the cardholder in obtaining money, goods, services or anything else of value on credit."  Code § 18.2-191.  "Cardholder" is "the person . . . named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer."  Id.  A "credit card" is not just a ubiquitous plastic card but is any device that allows a

-

"cardholder" to obtain anything of value on credit.  In turn, a "cardholder" is the person to whom the credit was issued.

The defendant applied for credit at Gordon's Jewelers by representing himself as Thomas McIntyre.  Only the photograph on the identity card belonged to the defendant.  The data supplied about McIntyre permitted an immediate credit review and resulted in credit being issued to the person identified by the data employed, McIntyre.  The credit was extended to Thomas McIntyre.  When the defendant used the account access number, he employed a device issued to or for the benefit of someone else.  The statute did not require that McIntyre apply for the credit or be aware that an application was being made.  Under these facts, the jury could reasonably conclude that McIntyre was the cardholder.

The defendant also contends the indictment erred in naming Gordon's Jewelers as the party defrauded.  He argues the bank that extended the credit was the party defrauded.  However, the statutes and indictments do not permit that claim.  Code § 18.2-193(1)(c) requires proof of "intent to defraud the issuer, or a person or organization . . . providing money, goods, services or anything else of value, or any other person . . . ."  Code § 18.2-195(1)(b) requires proof of "intent to defraud any person."  Each of the indictments charge the defendant acted "with intent to defraud Gordon's Jewelers, or

-

any other person . . . ." The statutes permit, and the indictments charge, fraud of either the jeweler or the bank.

The defendant makes other arguments that we only address briefly. He contends the term "payment device number" is "unconstitutionally vague." We do not address an argument that is different than the argument advanced at trial. Rule 5A:18; Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). The defendant contends the evidence failed to prove he intended to defraud anyone. That argument was not presented in the petition for appeal nor granted as an issue on appeal. McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999). Finally, the defendant contends the Commonwealth should have charged him with identity fraud, Code § 18.2-186.3. The Commonwealth elects what charges to place and prosecute. Mason v. Commonwealth, 217 Va. 321, 323-24, 228 S.E.2d 683, 684 (1976) (felony or misdemeanor). Moreover, that statute was enacted after the defendant committed these offenses.

Concluding the trial court did not err, we affirm the convictions.

                                                    Affirmed.

-