COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff,[*] Judges Chafin and Decker
Argued at Richmond, Virginia


ISIAH DAVID JOSEPH

OPINION BY
v.        Record No. 1968-13-1          JUDGE MARLA GRAFF DECKER
FEBRUARY 10, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie T. Arrington, Judge

Kathleen A. Ortiz, Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Isiah David Joseph appeals his conviction for resisting arrest, in violation of Code

§ 18.2-479.1.  He contends that the evidence was insufficient to support his conviction because

the Commonwealth failed to prove that he fled from a law enforcement officer and,

consequently, he could not be guilty of resisting arrest.  The Commonwealth concedes that the

trial court erred in this finding and, therefore, agrees that the conviction must be reversed.  Upon

our independent review, we hold, as a matter of law, that the evidence was insufficient to prove

that the appellant fled from a law enforcement officer, a necessary element of the offense of

resisting arrest.  Therefore, we reverse the conviction.

---

[*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

# I. FACTS AND PROCEDURAL HISTORY[1]

The appellant was tried by the circuit court *de novo*, sitting without a jury, on a misdemeanor appeal from a conviction of resisting arrest. On appeal to this Court, the record contains an agreed upon statement of facts.

On the morning of April 18, 2013, Officer Frank Chappell of the Chesapeake Police Department was operating stationary radar in the city. He stopped a vehicle being driven by the appellant for traveling forty miles per hour in a twenty-five mile-per-hour zone. Chappell approached the vehicle and asked the appellant for identification. The appellant informed the officer that he did not have identification but provided his name and social security number. The officer "ran" the appellant's information and determined that there were active warrants for his arrest.

Chappell informed the appellant about the warrants and told him that he would have to take him into custody. The appellant became "argumentative." The officer asked the appellant several times to get out of the car, but the appellant refused and continued to argue about the warrants. According to Chappell, "the [appellant] looked like he was going to drive away since [he] kept looking away from the officer." In light of this behavior, Chappell opened the driver's door while the appellant continued to argue with him. The appellant eventually removed his seat belt and, after repeated commands from the officer, got out of the car. Chappell stood "such that the [appellant] remained between the officer and the door opening to the car, and was never out of arm's reach from Officer Chappell."

Chappell asked him to turn around and place his hands on the car so that the officer could search him. The appellant argued with him and ignored his commands. As Chappell began to

---

[1] On appeal, we view the record in the light most favorable to the Commonwealth. Stevens v. Commonwealth, 272 Va. 481, 484, 634 S.E.2d 305, 307 (2006); Davis v. Commonwealth, 57 Va. App. 446, 452, 703 S.E.2d 259, 262 (2011).

search the appellant, he "backed up on to the officer." Chappell told the appellant not to back up and placed his hand on the appellant's back in order to stop him from doing so. The officer told the appellant to place his hands behind his back. The appellant "began breathing heavily" and repeatedly "refused to comply," specifically stating that he was not going to put his hands behind his back. Chappell grabbed the appellant's right wrist and placed a handcuff on it. The appellant pulled away and then swung his wrist out of the handcuff. Chappell grabbed the other wrist and repeatedly warned the appellant to stop resisting, but the appellant continued to repel the officer's efforts to secure the handcuffs on him.

Officer Chappell told the appellant to relax and place his arms behind his back, but the appellant repeatedly pulled away from the officer. Chappell then requested additional officers for backup and told the appellant that he was going to be "taken down and sprayed." The appellant continued "trying to get away by swinging his hands out of the handcuffs and not complying with the demands." Once backup arrived, Chappell was able to handcuff the appellant. Throughout the encounter, the appellant "did not leave the scene" and remained "continuously in . . . close proximity" to Officer Chappell. "Based on the [appellant's failure to] comply[] with the officer's commands, . . . swinging his arms out of the handcuffs, and [the need for] additional officers' assistance . . . to place handcuffs on [the appellant], [he] was placed under arrest for resisting arrest."

The appellant moved to strike the Commonwealth's case, arguing that the evidence presented did not prove flight. The trial court denied the motion, holding that "the defendant's actions in the struggle with the officer constituted flight." The appellant did not present evidence and renewed the motion to strike. The trial court ruled "that the evidence was sufficient for a finding of guilt" but continued the case in order to provide the appellant an opportunity to produce case law on what constituted flight under Code § 18.2-479.1. The appellant was unable

to provide authority for the court but reiterated the argument that flight was a necessary element of the offense and, based on the "common sense" definition, the appellant's actions did not constitute flight. The court ruled that the evidence supported the conclusion that the appellant fled from the officer, and it sentenced him to twelve months incarceration with eleven months suspended.

## II. ANALYSIS

The appellant argues that the evidence was insufficient to support his conviction for resisting arrest because the Commonwealth failed to prove that he fled from law enforcement. He suggests that flight is a necessary element of the offense and the trial court was wrong as a matter of law in concluding that the evidence presented any form of flight. The Commonwealth agrees.[2] Upon our independent review of Code § 18.2-479.1, we conclude that the reading of the statute advanced by the parties on appeal is the proper one and that, on the evidence in the record, the trial court erred in convicting the appellant of resisting arrest.

In the context of review of the sufficiency of the evidence, this Court upholds the conviction unless it was "'plainly wrong or lacked evidence to support it.'" See, e.g., Davis v. Commonwealth, 57 Va. App. 446, 461, 703 S.E.2d 259, 266 (2011) (quoting Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005)). Here, as already noted, the facts are not in dispute, and it is simply a matter of whether the trial court misapplied the law to the

---

[2] The Commonwealth filed a motion to consent to reversal. Such admissions embody the ethical duties expected of a legal advocate for the Commonwealth and are held in high esteem. See, e.g., Stephens v. Commonwealth, 274 Va. 157, 161, 645 S.E.2d 276, 277 (2007). Concessions of legal error, however, do not relieve the appellate court of its responsibility to perform its judicial function. While such concessions are entitled to great weight, they do not remove the Court's obligation to conduct its own review. See Copeland v. Commonwealth, 52 Va. App. 529, 531-32 & n.3, 664 S.E.2d 528, 529 & n.3 (2008). Accordingly, this Court issued an order preliminarily denying the motion, and the case is now before the Court to consider the legal issue. See Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*).

facts. The legal question requires us to determine what constitutes flight for purposes of Code § 18.2-479.1.

Issues of statutory construction are reviewed *de novo* on appeal. See, e.g., Findlay v. Commonwealth, 287 Va. 111, 114, 752 S.E.2d 868, 870 (2014); Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009); Belew v. Commonwealth, 62 Va. App. 55, 62, 741 S.E.2d 800, 803 (2013). This same *de novo* standard of review applies to determining the proper definition of a particular word in a statute. See Blake v. Commonwealth, ___ Va. ___, ___, 764 S.E.2d 105, 107 (2014); see also Simpson v. Roberts, 287 Va. 34, 40-44, 752 S.E.2d 801, 803-05 (2014); Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009).

Code § 18.2-479.1, "Resisting arrest; fleeing from a law-enforcement officer; penalty," provides:

> A. Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor.
>
> B. For purposes of this section, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such communication knows or should know that he is not free to leave.

The appellant does not challenge the lawfulness of the arrest, nor does he dispute proof of the other elements of the offense. His challenge is limited to proof of the requirement under subsection B that "[f]or purposes of this section, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer."[3] The argument in

---

[3] The appellant was not charged with an attempt crime, nor did the Commonwealth at any point move to amend the indictment to charge an attempt or obstruction of justice under Code § 18.2-460.

support of reversal focuses on the definition of "fleeing" because, under the plain wording of the statute, the Commonwealth is required to prove that an offender who is intentionally preventing or attempting to prevent a lawful arrest is specifically doing so by *fleeing* from the officer. Thus, this case rises or falls based on the definition of the word "fleeing" and whether the facts, viewed in the light most favorable to the Commonwealth, demonstrate that the appellant was fleeing from Officer Chappell.

It is well settled that when construing a penal statute, "a court must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope." Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007). Further, "'[w]hen the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" Atkins v. Commonwealth, 54 Va. App. 340, 344, 678 S.E.2d 834, 836 (2009) (quoting Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003)). Simply put, "[w]e must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990); see Coles v. Commonwealth, 44 Va. App. 549, 557-58, 605 S.E.2d 784, 788 (2004).

What constitutes "fleeing" from an officer has not been defined for purposes of Code § 18.2-479.1. There is no ambiguity in the statute or in the word itself; consequently, we apply the common meaning of the word at issue. Cf. Blake, ___ Va. at ___, 764 S.E.2d at 108 (examining ten dictionary definitions of the word "send" and concluding that the word was ambiguous as used in Code § 22.1-254(A) because "two [of the definitions] would result in distinct interpretations of the statute").

Flee is defined as:

> *1.* To run away; to hasten off <her attackers turned and fled>.
> *2.* To run away or escape from danger, pursuit, or unpleasantness;
> to try to evade a problem <he fled at the sight of the police>.
> *3.* To vanish; to cease to be visible <the smirk soon fled from his
> face>. *4.* To abandon or forsake <she fled her native tribe>.

Black's Law Dictionary 756 (10th ed. 2009). See generally Bateman v. Commonwealth, 205

Va. 595, 599-600, 139 S.E.2d 102, 106 (1964) (relying exclusively on Black's Law Dictionary to

determine the plain meaning of a word in a statute). The third and fourth definitions in Black's

are not applicable because they do not involve physical flight or flight in the context of fleeing

from a person. The first and second definitions involve physical flight and support a requirement

of running or departing from a particular location or individual rather than remaining stationary

while engaging in acts of resistance. Other dictionary definitions are similar. See Ballentine's

Law Dictionary 481 (3d ed. 1969) (defining "fleeing from justice" as "[d]eparting a place with

the intention of avoiding prosecution for a crime, whether or not a prosecution has been

commenced or is pending"); id. (defining "flight" as "[t]he common law offense of running away

upon an accusation of a crime"); see also The American Heritage Dictionary of the English

Language 670 (5th ed. 2011) (as applicable here, defining "flee" as "[t]o run away, as from

trouble or danger"); Webster's Third New International Dictionary 868 (1981) (as applicable

here, defining "flee" as "to run away from" or "to leave abruptly"). Thus, applying the plain

meaning of the word "flee" in the context of the statute, we hold that fleeing from a law

enforcement officer requires a form of running away or physically departing from the officer's

immediate span of control.

In the instant case, although the appellant's actions certainly demonstrated resistance and

efforts to avoid physical custody, there was no evidence of flight. The appellant simply did not

flee from Officer Chappell. The record shows that the appellant argued, resisted being

handcuffed, failed to adhere to commands, backed up onto the officer, and "tr[ied] to get away by swinging his hands out of the handcuffs and not complying with the demands." This behavior, however, does not constitute flight or "fleeing" from Chappell. In fact, the record makes clear that during the entire incident the appellant "did not leave the scene and remained continuously in . . . close proximity" to Officer Chappell. Although the appellant struggled with the officer and resisted being handcuffed, he did not run from the officer or leave the scene, and his physical movements were not beyond the scope of the officer's immediate span of control. The record also provides that the bases for the arrest were the appellant's failure to comply with commands, swinging his arms out of the handcuffs, and presenting a situation that necessitated Chappell's calling for the assistance of other officers in order to effect an arrest. Consistent with these facts, the trial court convicted the appellant, concluding that his "actions in the struggle with the officer constituted flight." We hold that the trial court erred in its legal conclusion that these facts constituted "fleeing from a law-enforcement officer."

We recognize that the language commonly associated with the offense proscribed by Code § 18.2-479.1 is "resisting arrest." In fact, the section is titled "Resisting arrest; fleeing from a law-enforcement officer . . . ." However, language contained in the title of a chapter or code section is "not controlling." Mason v. Commonwealth, 217 Va. 321, 323, 228 S.E.2d 683, 684 (1976) (analyzing what constitutes escape from a law enforcement officer), cited with approval in Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 556, 570 S.E.2d 817, 821 (2002). "[T]he summary title is not part, and does not determine the meaning, of the body of a statute." Mason, 217 Va. at 323, 228 S.E.2d at 684. Therefore, the language, "[r]esisting arrest," in the summary title of Code § 18.2-479.1 is not relevant to determining the meaning of "fleeing" as used by the legislature within the statute itself. Nor is the fact that the appellant was clearly "resisting" the officer's efforts to lawfully arrest him dispositive because the clear language in

Code § 18.2-479.1(B) requires that the offender be "fleeing" from the officer as an element of the crime.

Our conclusion that "fleeing from a law-enforcement officer" requires evidence of running away or physical movement beyond the scope of the officer's immediate span of control is supported by persuasive language in other cases. See, e.g., Va. Cellular LLC v. Va. Dep't of Taxation, 276 Va. 486, 492, 666 S.E.2d 374, 377 (2008) (holding that the plain language of a taxation statute was unambiguous but that even if it were not, construing it in harmony with other related statutes would yield the same result). "Fleeing" and "flight" have been interpreted, directly and indirectly, in a similar fashion in other contexts in Virginia. See, e.g., Johnson v. Anis, 284 Va. 462, 464, 731 S.E.2d 914, 915 (2012) (describing the defendant's behavior of "jumping into his truck and driving away" as "fle[eing]"); Hall v. Commonwealth, 280 Va. 566, 568-70, 701 S.E.2d 68, 70 (2010) (noting that the defendant "wrestled free" of the officer's grasp but characterizing only his departing the scene "on foot" as "fle[eing]"), aff'g 55 Va. App. 451, 686 S.E.2d 554 (2009); Hubbard v. Commonwealth, 276 Va. 292, 294, 661 S.E.2d 464, 466 (2008) (noting the arresting officer described his struggle with the defendant and referred to the moment he broke free and ran as the time of his escape); Powell v. Commonwealth, 268 Va. 233, 239, 602 S.E.2d 119, 122 (2004) (describing the defendant's leaving the scene in a taxi as "fleeing"); Henry v. Commonwealth, 21 Va. App. 141, 145-46, 462 S.E.2d 578, 580 (1995) (ruling that the defendant escaped within the meaning of Code § 18.2-478 by striking an officer and fleeing from the officer who was holding him at gunpoint); Schlimme v. Commonwealth, 16 Va. App. 15, 18, 427 S.E.2d 431, 433 (1993) (in evaluating the defendant's objection to the admission of evidence of flight, noting that "two different types of flight [were] implicated in [that] case[,] flight from the scene of the crime and flight from the area or jurisdiction").

We hold that "fleeing" from an officer for purposes of Code § 18.2-479.1 requires some form of "running away" or movement away from the officer's immediate span of control, beyond the resistance that occurred in this case where the appellant "remained continuously in . . . close proximity" at all times. Applying this definition, the evidence was insufficient to support the appellant's conviction for resisting arrest.

III. CONCLUSION

The evidence, viewed under the appropriate standard of review, applying the ordinary and plain meaning of the word flee, does not support the finding that the appellant was fleeing from Officer Chappell, an element of the offense. Therefore, as a matter of law, he was not resisting arrest as contemplated in Code § 18.2-479.1. Consequently, we reverse the conviction.

<u>Reversed and dismissed.</u>