COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Beales and AtLee
Argued by teleconference

**PUBLISHED**

NEAL ANDREW PETERS

                                                        OPINION BY
v.        Record No. 1001-19-3           JUDGE RANDOLPH A. BEALES
                                                        AUGUST 4, 2020
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
Anita D. Filson, Judge

Kieran Bartley, Assistant Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


At the conclusion of a bench trial, Neal Andrew Peters was convicted of two counts of

felony assault and battery of a law enforcement officer, one count of felony eluding police, one

count of misdemeanor driving on a suspended license, one count of misdemeanor reckless

driving, and one count of misdemeanor attempting to flee from a law enforcement officer.  Peters

now challenges his conviction for attempting to flee from a law enforcement officer in violation

of Code § 18.2-460(E).

I. BACKGROUND

In accordance with established principles of appellate review for a sufficiency of the

evidence case, we view the "evidence in the light most favorable to the Commonwealth, as we must

since it was the prevailing party in the trial court." Riner v. Commonwealth, 268 Va. 296, 330

(2004).  "We also accord the Commonwealth the benefit of all inferences fairly deducible from the

evidence." Id. at 303.

Officer John Hill of the City of Buena Vista Police Department testified[1] that, while he and another officer were in a patrol vehicle on December 1, 2018, Officer Hill saw a silver vehicle make "an illegal u-turn" that "almost caused an accident." Officer Hill stated that he turned on his emergency equipment to stop the vehicle, and the vehicle then "came to a rest" at a traffic light but then "sped off through the [] red traffic light." Hill said he drove at "above sixty" miles per hour to catch up to the vehicle, which was "well above the posted speed limits." Hill testified that the vehicle first turned right at an intersection, then "turned immediately left into an alleyway." Hill said that he followed the vehicle into the alleyway and that, as the two vehicles exited the alleyway, "there was a large dip in the roadway." He said that, while he was driving his vehicle through the dip, the other vehicle was backing up with its reverse lights activated and that as Hill brought his vehicle to a stop, the two vehicles collided and both vehicles came to a stop.[2] Hill testified that, when the other vehicle collided with his vehicle, it was driving at a speed of less than five miles per hour.

Officer Hill said that, after both vehicles stopped, he saw Peters exit the driver's door of the vehicle[3] and observed that Peters was holding a black object in his hand. Hill testified that he drew his weapon and "instructed him to stop and show me his hands." Hill stated that he then saw Peters fall to the ground from getting tangled in his seatbelt, and, as Peters fell, Hill realized the black item in his hand was a phone. Hill stated that upon seeing the item was a phone, he "switched from [his] duty weapon to the taser" and "instructed him to stop." However, he said that Peters "jumped up and ran." Hill said that he chased Peters on foot and stated, "I did give

---

[1] Although the trial court reviewed police body camera video shown to it by the parties, the video was never introduced into evidence and is, therefore, not part of the record before us.

[2] The trial judge made a finding of fact that Peters "did put that car in reverse and get it to go backwards," colliding with the pursuing police vehicle.

[3] The record shows that there were also two other individuals in the vehicle.

him commands of taser three times" before activating the taser. Hill testified that when he used his taser, Peters fell on the road and Hill placed himself on top of Peters, with his chest on Peters's back. (Peters also testified that he was tasered by Officer Hill multiple times and that Officer Hill placed himself on top of Peters.) Hill testified that once he was on top of him, Peters "kept pulling and wrestling" despite Hill's commands to give Hill his hands, which Peters disputes. Hill said that he tried to grab Peters's hands and attempted to use his taser again, but the taser did not work. Hill further testified that Peters tried to ingest something, and after the two "continued to tussle a little bit," Hill was ultimately able to take Peters into custody with the assistance of another police officer who had arrived. Peters testified that he did not try to ingest anything and did not wrestle or struggle with the officer. Hill said that after Peters was taken into custody and "Mirandized," Peters told him the reason he had run was that he had a suspended driver's license.

Peters was subsequently charged with the felony of eluding police, misdemeanor driving on a suspended license, misdemeanor reckless driving, misdemeanor attempting to flee from a law enforcement officer, and two counts of felony assault and battery of a law enforcement officer. Peters pled guilty to felony eluding, driving on a suspended license, and reckless driving, but pled not guilty to the two charges of assault and battery of a law enforcement officer as well as to the charge of attempting to flee from a law enforcement officer. During closing argument, Peters argued that the Commonwealth had not "made its burden of proof on obstruction."[4] The Circuit Court of the City of Buena Vista found Peters guilty of all charges. In finding Peters guilty, the trial court stated:

---

[4] As is clear from both the arraignment and the "Conviction and Sentencing Order," Peters was charged with and convicted of attempting to prevent a lawful arrest by fleeing from a law enforcement officer in violation of Code § 18.2-460(E). However, the litigants and the trial court referred to the charge as "obstruction" presumably because the title of the statute is "Obstructing justice; resisting arrest; fleeing from a law-enforcement officer; penalties."

I think the obstruction was when the officer repeatedly kept saying give me your hands. Why won't you give me your hands? He would not comply with the order to put his hands behind his back and that happened any number of times Officer Hill said. And then he went on to the what are you putting in your mouth but that all started when he was trying to get his hands behind his back so he could cuff him so I believe the evidence is sufficient for obstruction and I'm going to find him guilty of that.

On appeal, Peters challenges his conviction for attempting to flee from a law enforcement officer.[5]

## II. ANALYSIS

### A. Sufficiency of the Evidence

Peters argues that the evidence is insufficient for his conviction for attempting to flee from a law enforcement officer. This assignment of error, as set forth in his petition for appeal, states:

[T]he trial court erred in finding Petitioner guilty of violating 18.2-460, obstructing justice, by using the wrong standard for determining obstruction. The court ruled that Petitioner's not complying with an order from law enforcement was, by itself, sufficient to prove obstruction. Virginia case law is clear, however, that avoidance is not the same as resistance or opposition.

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential

---

[5] Peters's petition for appeal did have a second assignment of error challenging his two convictions for assault and battery of a law enforcement officer. However, that assignment of error was not granted.

- 4 -

elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663 (quoting Kelly

v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)).  "This familiar standard gives full

play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh

the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Jackson, 443

U.S. at 319.  In addition, to the extent that Peters's assignment of error involves questions of law

or statutory interpretation, we review such questions *de novo*.  Young v. Commonwealth, 70

Va. App. 646, 652-53 (2019).

Code § 18.2-460(E)[6] states:

> Any person who intentionally prevents or attempts to prevent a
> law-enforcement officer from lawfully arresting him, with or
> without a warrant, is guilty of a Class 1 misdemeanor.  For
> purposes of this subsection, intentionally preventing or attempting
> to prevent a lawful arrest means fleeing from a law-enforcement
> officer when (i) the officer applies physical force to the person, or
> (ii) the officer communicates to the person that he is under arrest
> and (a) the officer has the legal authority and the immediate
> physical ability to place the person under arrest, and (b) a
> reasonable person who receives such communication knows or
> should know that he is not free to leave.

The trial court found that the elements of the statute were satisfied "when the officer

repeatedly kept saying give me your hands" and Peters "would not comply with the order to put

his hands behind his back."  However, that holding does not comport with this Court's decision

in Joseph v. Commonwealth, 64 Va. App. 332 (2015).  In Joseph, this Court reversed a

conviction under the predecessor of Code § 18.2-460(E) – i.e., Code § 18.2-479.1 – where the

appellant refused to comply with an officer's commands to place his hands behind his back,

"repel[led] the officer's efforts to secure the handcuffs on him," and "backed up onto the

---

[6] In 2018, the General Assembly repealed Code § 18.2-479.1 and added subsection (E), consisting of the same language, to Code § 18.2-460.  See 2018 Va. Acts ch. 417.  The case law that interpreted and applied Code § 18.2-479.1 applies in interpreting and applying Code § 18.2-460(E).

officer," but "did not leave the scene and remained continuously in . . . close proximity" to the officer. Id. at 335, 340. The Court noted that, although Code § 18.2-479.1 was entitled "Resisting arrest; fleeing from a law enforcement officer," nevertheless, "language contained in the title of a chapter or code section is 'not controlling.'" Joseph, 64 Va. App. at 340 (quoting Mason v. Commonwealth, 217 Va. 321, 323 (1976)). Therefore, "the fact that the appellant was clearly 'resisting' the officer's efforts to lawfully arrest him" was not dispositive because the clear language of the statute requires flight. Id. The Court held that "'fleeing from a law-enforcement officer' requires evidence of running away or physical movement beyond the scope of the officer's immediate span of control." Id. at 341. Therefore, in the case now before us, the trial court erred by holding simply that Peters's refusal to place his hands behind his back was sufficient for a conviction under Code § 18.2-460(E).

Our conclusion that the trial court erred in that respect, however, does not end our analysis. "Under the right result for the wrong reason doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" Perry v. Commonwealth, 280 Va. 572, 579 (2010) (alterations in original) (quoting Schultz v. Schultz, 51 Va. (10 Gratt.) 358, 384 (1853)). "[W]hen considering whether the 'right result for the wrong reason' doctrine should be applied, the standard of review is whether the record demonstrates that all evidence necessary to the alternative ground for affirmance was before the circuit court and, if that evidence was conflicting, how it resolved the dispute, or weighed or credited contradicting testimony." Banks v. Commonwealth, 280 Va. 612, 617 (2010). See also Spinner v. Commonwealth, 297 Va. 384, 397 (2019).

However, the right result for the wrong reason doctrine, which "might more accurately be labelled 'the right result for a different reason,'" Spinner, 297 Va. at 391, has a limitation. "It

does not apply unless the record on appeal fully supports the appellee's argument on appeal." Id. "Thus, it does not apply where the development of additional facts is necessary." Id. See also Rives v. Commonwealth, 284 Va. 1, 2-3 (2012). Therefore, we must consider whether, given the established or undisputed facts in the record now before us on appeal, see Banks, 280 Va. at 617-18, there is sufficient evidence among those established or undisputed facts to satisfy the elements of Code § 18.2-460(E).

Subsection (E) includes two alternative conditions, either of which may result in a conviction – fleeing (i) when the officer applies physical force to the person, or (ii) when the officer communicates to the person that he is under arrest (with further conditions discussed below). We first consider whether the undisputed facts in this case meet the elements described under (ii).

A careful review of the record shows that Peters did not argue at trial that multiple elements of the statute were not satisfied. For example, he failed to argue that the officer did not communicate to Peters that he was under arrest. He also did not argue that the officer had the legal authority to place Peters under arrest, and he does not argue that element to us on appeal. Finally, he did not argue to the trial court (or to this Court) the statutory element that "a reasonable person who receives such communication knows or should know that he is not free to leave." Code § 18.2-460(E). Furthermore, he concedes on brief (and conceded at trial) that he was fleeing from the officer. Peters does argue to this Court that "[t]here is no evidence that Hill communicated to appellant that he was under arrest until after Hill was on top of appellant." However, because this argument was not made in the trial court, it is waived on appeal.[7] See

---

[7] Looking at the totality of the undisputed facts before us on appeal, even assuming *arguendo* that Peters did preserve his argument concerning whether "the officer communicates to [Peters] that he is under arrest," which, as an interpretation of that statutory language, would be an issue of law reviewed *de novo* on appeal, this element of the statute would be satisfied under a right result, different reason analysis. It is undisputed that after a high-speed car chase, in which

Rule 5A:18; <u>Wood v. Commonwealth</u>, 57 Va. App. 286, 303 (2010). <u>See also</u> <u>Bethea v.</u>

<u>Commonwealth</u>, 297 Va. 730, 743 (2019); <u>Johnson v. Commonwealth</u>, 58 Va. App. 625, 637

(2011).

Consequently, the only element under subsection (ii) of the statute left for us to consider

is whether under (ii)(a), the officer had "the immediate physical ability to place [Peters] under

arrest," which Peters did argue to the trial court and to this Court that the Commonwealth had not

proved. Code § 18.2-460(E).

When considering subsection (ii)(a) of the statute, undisputed facts in the record

demonstrate that Officer Hill had "the immediate physical ability to place [Peters] under arrest."

<u>Id.</u> It is undisputed (and Peters on brief acknowledges) that after a high-speed car chase with the

officer's emergency equipment activated on his vehicle, Peters's vehicle and the officers' police

car collided, and Peters then got out of his vehicle. Officer Hill drew his firearm and instructed

Peters to stop and to show the officer his hands. Peters ran, and Officer Hill chased him,

switching from his firearm to his taser. Officer Hill three times yelled "Taser!" before using the

taser on Peters and placing himself on top of Peters. Most importantly, it is not disputed (and

Peters himself also testified) that Officer Hill was able to use a taser on Peters and did so. The

_____

Officer Hill activated his vehicle's emergency equipment, the two cars collided in an alley.
(Peters pled guilty to felony eluding in his vehicle and does not contest or dispute these particular
facts.) As Peters got out of his vehicle, Officer Hill drew his firearm and told Peters, "Stop!" and
"Show me your hands!" Officer Hill then switched to his taser. When Peters ran, Officer Hill
chased him. Perhaps most significantly, Officer Hill warned Peters multiple times that he would
use the taser, yelling, "Taser! Taser! Taser!" All of these facts were undisputed. The totality of
all these undisputed facts would lead us to conclude that the officer communicated to Peters that
he was under arrest, thus satisfying that particular element of the statute.

Other states have also held that an officer is not required to actually say the word "arrest"
to communicate to an individual that he is under arrest. <u>See e.g.</u>, <u>State v. Horn</u>, 750 S.E.2d 248,
261 (W. Va. 2013); <u>State v. Ashbaugh</u>, 301 P.3d 972, 975 (Or. Ct. App. 2013); <u>State v. Barker</u>,
253 P.3d 286, 287-88 (Ariz. Ct. App. 2011); <u>Sweeney v. State</u>, 633 So. 2d 66, 68 (Fla. Dist. Ct.
App. 1994); <u>City of Seattle v. Sage</u>, 523 P.2d 942, 945 (Wash. Ct. App. 1974).

- 8 -

fact that Officer Hill actually could taser Peters and then place himself on top of Peters, as Peters acknowledges, shows that Officer Hill had the "immediate physical ability to place [Peters] under arrest." These undisputed facts also show that this particular language of the statute (i.e., "the immediate physical ability to place [Peters] under arrest") is met – an issue of interpretation of statutory language that we review *de novo* on appeal – thus satisfying this particular element of the statute.

Because we uphold the conviction under subsection (ii) of Code § 18.2-460(E), we do not reach the question of whether a conviction could also be upheld under subsection (i) of the statute because satisfying either of the two subsections of the statute is enough for a conviction, given that the two subsections of the statute are written in the disjunctive.

In short, all the elements necessary for a conviction under Code § 18.2-460(E)(ii) are either conceded on appeal or were not argued to the trial court and thus not preserved for appeal, except for the element of whether the officer had "the immediate physical ability to place [Peters] under arrest." Therefore, given the significant facts before us that are undisputed that together create the totality of the circumstances that we analyze in this case, we find that Officer Hill had the immediate physical ability to place Peters under arrest. Consequently, we affirm Peters's conviction for attempting to flee from a law enforcement officer under the right result for a different reason doctrine.

### B. Assignment of Error Not Included in Petition for Appeal

Peters also includes in his opening brief the following assignment of error:

> The Circuit Court erred in finding appellant guilty of violating
> 18.2-460(E) of the Code of Virginia, 1950, as amended,
> obstructing justice, because the evidence was insufficient as a
> matter of law to find him guilty beyond a reasonable doubt. The
> statute requires that to be guilty the evidence must show, among
> other elements, that appellant fled from law enforcement with one
> of two other conditions being true: either appellant fled when "the
> officer appli[ed] physical force to" appellant (subsection "i"), or

after the officer communicated to appellant that he was under arrest (subsection "ii"). Id. The evidence showed flight, but neither of the other two required elements.

Peters presented this assignment of error for the first time to this Court in his opening brief. He simply did not include this assignment of error in his petition for appeal.

"Only assignments of error assigned in the petition for appeal will be noticed by this Court." Rule 5A:12(c)(1)(i). See also Thompson v. Commonwealth, 27 Va. App. 620, 626 (1998) ("[U]nlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exceptions."). An appellant may not unilaterally, without leave of the Court, add a new assignment of error that was not granted for consideration by this Court. Gregory v. Commonwealth, 46 Va. App. 683, 694 (2005); Thompson, 27 Va. App. at 626. However, to the extent that the arguments raised in Peters's added assignment of error are encompassed by his first assignment of error in his petition for appeal which *was* granted by this Court – and also challenges the sufficiency of the evidence to sustain a conviction under Code § 18.2-460(E), we have already addressed those arguments in our analysis *supra*. See Dowdy v. Commonwealth, 278 Va. 577, 590 n.14 (2009) ("We can, however, reach the underlying issues raised in those omitted assignments of error because Dowdy's first assignment of error encompasses the same issues and because Dowdy briefed those issues.").

III. CONCLUSION

Peters's first assignment of error in his petition for appeal was that the evidence at trial was insufficient to establish the resistance or obstruction necessary to secure a conviction under Code § 18.2-460(E). However, the only element of Code § 18.2-460(E)(ii) that Peters challenged in his arguments to the trial court is that Officer Hill had "the immediate physical ability to place [Peters] under arrest." He did not challenge at trial any of the other elements of Code § 18.2-460(E)(ii). At the conclusion of the bench trial, the court incorrectly found that

Peters's refusal to place his hands behind his back when the officer ordered him to do so was sufficient for a conviction under that statute. Such a holding was in contradiction of this Court's decision in Joseph v. Commonwealth, 64 Va. App. 332 (2015). However, applying the right result for a different reason doctrine, we hold that the established, undisputed evidence in the record supports a conviction under Code § 18.2-460(E)(ii). No additional fact finding is necessary on appeal as we rely only on undisputed facts to determine whether the statutory language is satisfied. The undisputed facts show that Officer Hill was able to taser Peters and got on top of him, which shows that the officer had "the immediate physical ability to place [Peters] under arrest."

For these reasons, given the totality of the circumstances of only the undisputed facts before us on appeal, the evidence was sufficient to find Peters guilty, and, therefore, we affirm the trial court's conviction of Peters for attempting to flee from a law enforcement officer under Code § 18.2-460(E).

Affirmed.